HOWE MACHINE COMPANY v. SNOW *et al.*

1. **Corporation: ESTOPPEL.** It seems that where a person contracts with a corporation, he is, under our laws, thereby estopped from denying the validity of its organization and its capacity to contract.

2. **Evidence: DECLARATIONS OF AGENT.** The declarations of an agent made while executing the purpose of his agency are admissible against his principal.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 19.

ACTION upon a bond made April 23, 1870, by T. C. Snow, as principal, and B. N. Kinyon as surety, to the Howe Machine Company. The condition of the bond was, that Snow, who had been appointed agent at Des Moines for said Howe Machine Company, should well and truly pay every indebtedness or liability in any manner incurred by said Snow to said company, etc. The breach alleged was the non-payment of one note dated June 1, 1870, for $1,366.63, payable in four months, made by Snow to said company, and another like note for $1,514.68, dated July 1, 1870, payable in four months from date, with a credit, as of its date, of $108. A copy of the notes and bond was annexed to the petition. The defendants demurred to plaintiff's petition, which demurrer was overruled; and thereupon they filed an answer controverting the allegation that plaintiff is a corporation; averring that the bond was executed without consideration; that it was obtained upon the representations and agreement by plaintiff's agent to supply Snow with sewing machines upon certain terms, etc., which plaintiff had failed and refused to do; the defendants call for proof of the agent's authority; deny that defendant Kinyon had notice of the acceptance of his guarantee, or of Snow's indebtedness, etc.; aver that the bond was procured by the false and fraudulent representations of plaintiff's said agent; deny the right and capacity

of plaintiff to contract or to sue, and aver that it has no interest in the suit.

And the defendant Snow files a counter claim against plaintiff for damages by reason of failure to supply him with sewing machines as agreed. The plaintiff, by reply, denies the allegations of the counter claim. There was a jury trial, with verdict and judgment for plaintiff for $2,673.31. The defendants appeal. The further necessary facts are stated in the opinion.

*Goode & St. John* for the appellants.

*Nourse & Kauffman* for the appellee.

COLE, J. — I. Very much of appellants' argument is devoted to the questions of the capacity of the plaintiff to sue — to the identity of plaintiff with the payee in the bond — and the power to contract, etc. The plaintiff is "The Howe Machine Company." It is averred in the petition that the plaintiff is a corporation existing under and by virtue of the laws of the State of Connecticut. The bond is executed to "The Howe Machine Company of the city of New York;" but its conditions are for the payment, etc., to "The Howe Machine Company." One witness for plaintiff testifies, that all these are one and the same corporation; that it is incorporated by the laws of Connecticut; does business in New York, and has a branch office in Chicago, with which the transaction in suit was had. The defendants having contracted with plaintiff and executed their bond to it, are thereby concluded. See Rev., § 1181. Nor have we any doubt of the plaintiff's capacity, under the showing in this case, to contract through its agents either in Chicago or Des Moines.

After the plaintiff had introduced the bond and notes, etc., as evidence, and one witness, it rested. The defendants having proved, by the cross-examination of plaintiff's

witness, its general agent, that the bond was executed by the procurement of, and was handed to, one Logan, who was a special agent for plaintiff for that purpose, then, in further cross-examination of said witness, asked him, "was Logan authorized to take this bond?" to which the witness answered, "he was sent here for that express purpose." Defendants then asked, "was he authorized to bind the company by accepting the bond, or had it to pass first through your hands, or be submitted to your approval?" This was objected to by plaintiff as immaterial and not cross-examination; the objection was sustained by the court, and excepted to by defendants. Defendants then asked, "had you disapproved this bond, would it have been binding upon the company under the authority given to Logan?" with the like objection and ruling.

The defendants then made said witness their own, but without procuring answers to the above questions. They then introduced the defendant Snow as a witness, and asked him to state the terms upon which he was to have machines as agreed to by Logan at the time the bond was executed, and as a consideration therefor. This was denied. The witness was then asked to "go on and state what representations were made by Logan at the time, and what was the consideration for giving the bond?" Plaintiff objected, because there is no testimony showing that Logan had authority to make representations; this objection was sustained and excepted to by defendants. The witness was then asked "what was the consideration of this bond?" The same objection was made and sustained, and duly excepted to. And again, "did he not make representations that operated as an inducement for the giving of this bond?" and this too was excluded. In short, the defendants were denied the right to show the consideration of the bond; the representations and circumstances under which it was executed; the falsity of such representations, and the failure of the consideration. These,

too, were the very questions at issue by the pleadings, and the material defense in the case.

In all this there was error. It is urged by appellee's counsel that there was nothing to show that Logan was an agent for plaintiff. But the evidence shows that he was the agent for taking the bond, and the representations offered to be proved were a part of that act, occurring at the time he was executing the purpose of his agency. Besides, one witness was asked as above shown, "was he authorized to bind the company," etc.; and this question which would tend to develop his authority or the want of it, was rejected, and thus the defendants were not only prevented from showing Logan's representations, but also from showing his authority in fact. It is, however, further urged, that the defendants knew from a letter written by the plaintiff's witness, its general agent or manager, the "very best" terms upon which Snow could have the agency, and for this reason the representation made by Logan should be excluded. But several of these questions were ruled out before that letter was offered as evidence, and, hence, its existence could not have controlled the defendants' right to the testimony offered. And again, that letter states that "this business will have to be done by correspondence as I cannot send a special agent there now." And yet, in about twelve days thereafter, plaintiff does send Logan there as a special agent. And further, it is to be remembered, that the defendants had a right to rely upon the acts and declarations of the agent Logan which were within the scope of the purpose he was sent to accomplish, notwithstanding his authority may have been by special instructions very much more limited than such ordinary and reasonable scope; unless such limit was brought to the knowledge of the defendants before or while dealing with him. All the facts and statements connected with the transaction should have been permitted to go to the jury, whose province it would then have become to

determine, from all the circumstances, the fact and extent of the agency, real and apparent.

It is doubtless true that the testimony upon the retrial will so change the case as to call for a different series of instructions than the case in this record; and it is therefore unnecessary for us to now review or pass upon the instructions further. For the error in excluding the evidence the judgment of the circuit court is

Reversed.