## Verry v. The B., C. R. & M. R. Co.

1. **Railroads: DECLARATIONS OF AGENT: PRINCIPAL AND AGENT.** To make the declarations of an agent admissible as against his principal, they must have been made while he was engaged in the performance of the duties of his agency, and must have related to the subject matter thereof.

2. ———: ———: **RULE APPLIED.** An employe of a railroad company was injured while coupling two cars, one of which had been left in the yard for repairs; an employe in the repair department stated, some minutes after the injury, that he knew the car was out of repair and that they proposed to repair it when it had been switched back to the proper place: *held*, that as the employe was not at the scene of the accident in the performance of any duty but as a mere spectator, his declarations were not admissible.

### Appeal from Benton District Court.

### SATURDAY, DECEMBER 15.

ACTION to recover damages for personal injuries. The plaintiff was a switchman whose duty it was to couple and uncouple cars at Cedar Rapids. While engaged in this duty he was injured. This cause was before the court on demurrer to the petition, and is reported in 42 Iowa, 246. There was a verdict and judgment for the plaintiff, and the defendant appeals.

*J. Tracy*, for appellant.

*I. M. Preston & Son* and *N. M. Hubbard*, for appellee.

SEEVERS, J.—As was his duty the defendant was endeavoring to couple two cars together. The draw-bar of one of them was out of repair, and by reason thereof the plaintiff's hand was crushed. It was an important and material question whether the defendant had any knowledge that said car was out of repair. It had been standing for several days in the yard at Cedar Rapids, and it was the custom of the defendant through its employes to examine all cars on their arrival. If this car had been examined the fact that it was out of repair could have been readily discov-

ered.    There was no evidence tending to show that it had been
moved from the time it arrived, until the plaintiff made the
attempt to couple it to another car.    When cars were out of
repair it was the duty of defendant's repairers to remedy the
defect whatever it was.    Mr. George was the foreman or head
of the repair department, and he had three assistants, one
of whom was Sherman, whose duty it was to inspect and repair
broken and defective cars.    One Fuller testified that after the
accident, and he judged within eight or ten minutes, and at
the car, he had a conversation with Sherman.    He was then
asked to state what Sherman said, if anything, as to his knowl-
edge of the condition of the car at that time.    This question
was objected to but the same was overruled, and the witness
answered: "He came down there to the car and I said to him
'did'nt you know that this car was in bad order,' and he said
'yes;' said I 'why did'nt you tell us then of it when we went
to couple to it and switch,' and he said 'we was waiting for you
to couple to it and switch it back, and then I was going to fix
it.'"    The admission of this evidence is assigned as error.

Sherman without serious question, we think, was such an
agent of the defendant that his declarations made in the line
of duty and in relation to matters under his supervision, if
made at the proper time, would be admissible as evidence
against the defendant.

To make the declarations of an agent admissible against his
principal, such declarations must be a part of the *res gestæ*.
It is said the doctrine is well settled that where the acts of the
agent will bind the principal, there his representations and
statements respecting the subject matter will also bind him, if
made at the same time and constituting a part of the *res gestæ*.
*Covington & Lexington R. R. Co. v. Ingels*, 15 B. Mon., 637;
1 Green. Evidence, 113.

"The declarations or admissions of an agent are evidence
against his principal only when they are made as to a business
matter within the scope of his agency, and which is being trans-
acted at the time."    *Lafayette and Indianapolis R. Co. et al.
v. Ehman*, 30 Ind., 83.

"An authority to make an admission is not necessarily to be

implied from an authority previously given in respect to the thing to which the admission relates." 1 Green. Ev., § 114.

The real difficulty lies in the application of these general principles to the case in hand. It was, as has been said, the duty of Sherman, to inspect this car, and had he done so he would have discovered the defect. Whether he did in fact inspect and discover the car was out of repair, there is no evidence tending to show, except his own declaration. The declarations made by him, however, were in relation to a subject matter within his charge, and so far there is no difficulty. It was the duty of Sherman to inspect and repair the car, and when this was done his duty was at an end. Now it seems to us his declarations, to be admissible as evidence against the defendant, must have been made while he was engaged in the performance of such duty, and must have been in relation to the subject-matter in his charge. If Sherman had been at the place of the accident at the time it occurred, and had then made the declaration in question, it would not have been admissible against the defendant, unless Sherman was at the time engaged in inspecting or repairing cars. Possibly, at least, this is true. But no such question is before us.

Sherman was not at the accident. He came, however, within a few moments; he had no hand in causing it, nor was he engaged in the performance of any duty for the defendant while there. He was a mere spectator, and as such it must be held he made the declarations in question.

We have found no adjudicated case exactly like this, but the following are analagous: *Pennsylvania R. R. Co. v. Books*, 57 P. St., 339; *Lane v. Bryant*, 9 Gray, 245; *Dome v. Southwark Manufacturing Co.*, 11 Cush., 205; *Bellefontaine R. Co. v. Hunter*, 33 Ind., 335; *Luby v. Hudson River R. R. Co.*, 17 N. Y., 131; *Cramer v. City of Burlington*, 45 Iowa, 627.

Counsel for the appellee have cited, as being in point, *Morse v. Connecticut River R. R. Co.*, 6 Gray, 450. But there is a broad and clear distinction between the two cases. In that case the declarations were made by the conductor or baggage master in relation to lost baggage, and " it was part of the duty

of those agents to deliver the baggage of passengers and to account for the same, if missing, provided inquiries for it were made within a reasonable time."

In *Chicago, Burlington & Quincy R. R. Co. v. Coleman*, 18 Ill., 297, the declarations were made by the president of the company in relation to a contract he had authority to make and adjust, and while endeavoring to effect the settlement of a dispute in relation thereto. For the reasons stated the judgment of the District Court must be

REVERSED.