McPherrin v. Jennings.

McPHERRIN v. JENNINGS.

1. **Evidence:** DECLARATION OF AGENT: WHEN ADMISSIBLE. The declarations of an agent may be shown as against his principal, provided the fact of agency is established, and the declarations relate to a matter within the scope of his employment, and are made at a time when he is engaged in the performance of some duty pertaining to the matter to which the declarations relate. Under this rule, *held* that the declarations of the agent in this case were properly admitted. For facts see opinion.

   ADAMS, J., *dissenting*, on the ground that the declarations were not a part of the *res gestæ.*

2. **Negligence in Structure:** NOVELTY OF DESIGN AS EVIDENCE OF. The fact that feed-boxes, constructed in the manner in which those in defendant's stable were constructed, were not in use in other stables in the town, was not competent evidence that defendant was negligent in having his so constructed.

3. **Evidence:** ERROR IN ADMITTING: PREJUDICE AVOIDED BY INSTRUCTION. Where, under the instructions of the court, the jury could not have been misled by the admission of improper evidence, the error in admitting it is not ground for reversal.

4. **Evidence:** NOT RELEVANT TO ISSUE. Where the action was for the value of a horse alleged to have lost its life through the negligence of defendant as bailee, the testimony of a veterinary surgeon, offered as an expert, to the effect that horses frequently fall down and die without any apparent cause, was properly excluded as being incompetent and irrelevant.

5. **Bailment:** NEGLIGENCE OF BAILEE: DOCTRINE OF CONTRIBUTORY NEGLIGENCE NOT APPLICABLE. Where a livery-stable keeper takes a horse for keeping, his duty to properly care for it grows out of a contract of bailment; and his liability for its loss through his negligence grows

out of his failure to perform his contract; and in an action based on such liability the doctrine of contributory negligence has no place.

*Appeal from Pottawattamie District Court.*

WEDNESDAY, JULY 22.

PLAINTIFF brought this action to recover the value of a horse which he placed in defendant's charge to be cared for and fed for a consideration, and which he alleges was killed through defendant's negligence. There was a verdict and judgment for plaintiff, and defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*A. T. Flickinger* and *Sapp & Pusey,* for appellee.

REED, J.—Defendant was the keeper of a feed-stable, and received horses belonging to others to be cared for and fed for a consideration. Plaintiff left with him a team of horses, which defendant undertook to care for during that day. When plaintiff returned for the team he found that one of the horses was dead.

His claim is that the animal got its head fast in a box in which its feed was placed, and that in struggling to free itself it was killed; and he alleges that the injury was occasioned by the careless and negligent manner in which the stable was constructed. He also charges that defendant was negligent in not looking after and properly caring for the animal while it was in the stable.

I. For the purpose of proving the manner in which the injury occurred, plaintiff offered evidence of the statements and declarations of a person who was in the barn when he returned for the team. Defendant objected to this evidence on the ground that it was incompetent, being mere hearsay. This objection was overruled, and the ruling is assigned as error. It is claimed by plaintiff that the person who made the declarations was

*1. EVIDENCE: declarations of agent: when admissible.*

the agent of defendant, and that they were made while he was in the performance of the duties of his agency, and related to a matter within the scope of his employment. The ground upon which the declarations or admissions of an agent are admitted in evidence against his principal is that whatever he does or says in reference to the business in which he is at the time employed, and which is within the scope of his authority, is done or said by the principal. *U. S. v. Gooding*, 12 Wheat., 460; *American Fur Co. v. U. S.*, 2 Pet., 358; *Stiles v. Western R'y Co.*, 8 Metc., 46; *Corbin v. Adams*, 6 Cush., 93; *Morse v. Connecticut R. R'y Co.*, 6 Gray, 450; 1 Greenl. Ev., § 113.

Under this rule plaintiff was entitled to introduce evidence of the declarations in question only in case he had established that the persons who made them was in fact the agent of the defendant; that they related to a matter within the scope of his employment as such agent; and that at the time of making them he was engaged in the performance of some duty with reference to the matter to which they related. The evidence shows that defendant also kept a store, and that the person who it is claimed made the declarations sometimes assisted him in the store, and at other times gave attention to the business at the feed-stable. It is shown that he sometimes had charge of the stable, and that at such times he gave directions for the feeding and care of the horses in it, and received pay for the services rendered from the patrons of the place. Whatever he did, either in the store or at the stable, was done for defendant. We are of opinion that this evidence establishes that the relation of principal and agent existed between defendant and this person. It also shows, we think, that the agent had authority to act for defendant in the transaction with plaintiff of the particular business which was then pending between the parties, and the declarations related to the subject of that business. Plaintiff went to the stable for the purpose of paying for the care of his team and taking it away, and the agent had authority to

McPherrin v. Jennings.

receive the pay and deliver the team.  He declined to receive
any pay for the services because of the loss which plaintiff ,
had sustained, but he delivered the remaining horse, and it
was while this business was being transacted that the state-
ment was made.   We think, therefore, that the court prop-
erly admitted the evidence.

The case differs materially in its facts from *Verry v. Bur-
lington, C. R. & M. R'y Co.*, 47 Iowa, 549, cited by appel-
lant.   The declaration of the agent which was admitted in
that case did not relate to any business which the agent was
engaged in transacting at the time it was made, and it was
held that it should have been excluded on that ground; while
in this case the declaration related to the very business in
which the agent was engaged at the time.

II.    Plaintiff was permitted, against defendants objection,
to introduce evidence tending to prove that feed-boxes con-
structed in the manner in which those in defend-

2. NEGLI-
GENCE in
structure:
novelty of
design as evi-
dence of.

ant's stable were constructed were not in use in
the other stables in the town.   This evidence, we
think, should have been excluded.   The question
whether defendant was negligent in using the boxes depends
upon whether they were so constructed as that it was dan-
gerous to use them, and not upon whether they were in com-
mon use.   We think, however, that defendant could not have
been prejudiced by its admission.   The construc-

3. EVIDENCE:
error in ad-
mitting: prej-
udice avoided
by instruc-
tion.

tion of the boxes was fully explained by the wit-
nesses, and in its instructions the court told the
jury in effect that, unless they were so constructed
that it was dangerous to use them, defendant was not negli-
gent in using them, even though their construction was dif-
ferent from that of the feed-boxes in common use.   Under
the instructions the jury could hardly have failed to under-
stand that the test of defendant's liability was whether the
use of the boxes was likely to be attended with danger, and,
as the evidence objected to had no bearing on that ques-
tion, there is no reason to suppose that they were misled by it.

III. Defendant introduced as a witness a veterinary surgeon, by whom he proposed to prove that it frequently happens that horses suddenly fall down and die without any apparent cause, or without being afflicted with any known or apparent disease; but the evidence was excluded on plaintiff's objection. This ruling is correct. The witness was offered as an expert, but the subject on which it was proposed to examine him is not one of science or skill, nor was he asked to state his opinion on any questions relating to his profession. The questions asked him related solely to an alleged fact, and his testimony was offered for the sole purpose of proving the existence of that fact; but, standing alone, the fact, if it existed, was immaterial to any issue in the case. The cause of the death of the horse in question might properly be inquired into, and, if the witness had been able to express an opinion from the facts proven or conceded in the case as to the cause of that death, such opinion would have been competent evidence. But it would have no tendency to disprove plaintiff's theory as to the cause of the death of his horse, to show that horses sometimes die suddenly, when the cause of the death is not known or apparent.

*4. EVIDENCE: not relevant to issue.*

IV. Defendant asks the court to instruct the jury that plaintiff was not entitled to recover unless he had proven that he was not himself guilty of any negligence contributing to the injury complained of; but the court refused to give such instruction. This ruling is clearly right. Defendant had the horse in his possession as bailee. His duty to properly care for it grew out of the contract of bailment, and his liability for its loss arises out of his failure to perform his contract obligation. The immediate cause of the loss, it is true, was the negligence in failing to properly care for the animal; but this negligence constitutes a breach of contract, and the right of action is based upon this breach. It is clear that the

*5. BAILMENT: negligence of bailee: doctrine of contributory negligence not applicable.*

doctrine of contributory negligence has no application to the case.

We find no error in the record on which we think the judgment should be disturbed. It is therefore

AFFIRMED.

ADAMS, J., *dissenting.*—I am not able to concur in the foregoing opinion as to the admissibility of the statements of the defendant's agent. It is true that this agent appears to have been employed to some extent in the capacity of an hostler, but he had nothing to do with the transaction out of which the plaintiff's loss arose. He did not put up the horse. The most that can be said is that, after the horse was dead, the hostler, having been notified, came and extracted his body, and the statements which the witness was allowed to testify to as having been made by the hostler were in regard to the condition in which the horse was found. These statements were nothing but a narrative of past events, and it is well settled that evidence of such statements made by an agent do not bind the principal. In 1 Greenl. Ev., § 113, the author says: "Where the agent's right to act in the particular matter in question has ceased, the principal can no longer be affected by his declarations, they being mere hearsay." Citing *Stiles v. Western R'y Co.*, 8 Metc., 44; *Corbin v. Adams*, 6 Cush., 93; *Covington, etc., R'y Co. v. Ingles*, 15 B. Mon., 637.

It is of no consequence that the hostler was still in the defendant's employment as hostler at the time he made the alleged statements. The material fact is that he was not then nor at any time engaged in the transaction in which the injury occurred. Even if the hostler had been charged with responsibility in regard to the construction of the stable, and there had been evidence tending to show that the injury occurred through his fault in constructing it improperly, his statements about it subsequent to the injury would not bind his principal. It was substantially so held in *Luby v. Hud-*

*son R. R'y Co.*, 17 N. Y., 131, and *Verry v. Burlington, C. R. & N. R'y Co.*, 47 Iowa, 549. But the case at bar is stronger for the defendant than those, because the hostler had nothing to do with the construction of the stable, and was in no way in fault for the injury. He was a mere witness of the condition of the horse after he was dead. If the plaintiff desired to prove that condition, he should have called the hostler to testify. Possibly it might be thought that *Morse v. Connecticut River R'y Co.*, 6 Cush., 450, affords some support to the majority opinion. In that case a passenger lost a trunk, and the admissions of the conductor and baggage-master, made the next morning, were held admissible. But they were still charged with the duty of delivering the baggage, and of answering all proper questions concerning it. In the case at bar the defendant's hostler was charged with no duty at any time in regard to the plaintiff's horse, nor in regard to the construction of the stable, which, it is alleged, caused the injury. He sustained no more relation to this injury than any other employe would have done who had witnessed the condition of the horse after he was dead. The majority opinion, it seems to me, ignores the rule that the statements of an agent are admissible against the principal only when made at the time of the transaction in question, and when they are a part of the *res gestæ.*

Under the ruling made, I no see reason why any employer would not be bound by any statement of an employe