### E. F. ESCHER v. CARROLL COUNTY, Appellant.

**Personal injuries:** DAMAGES: EVIDENCE. In a personal injury action the plaintiff should be permitted to testify to the extent of his business as such, prior to his injury, and the value of his services in personally superintending the same, both before and after his injury.

**Same:** COUNTY BRIDGES: EVIDENCE: STATEMENTS OF PUBLIC OFFICERS. In an action for injuries because of a defective county bridge the plaintiff should not be permitted to testify to statements of a member of the county board, who had inspected the bridge before the accident, to the effect that the same was found to be in an unsafe condition; such board member not being engaged in the performance of any duty connected with the supervision of the bridge at the time of making the statements.

**Same:** EVIDENCE: HARMLESS ERROR. Evidence of a witness that he had notified a member of the board of supervisors of the unsafe condition of the bridge was harmless error, where a member of the board, who examined the bridge before the accident, testified that he found it in a bad condition.

**Counties:** ACTION UPON UNLIQUIDATED DEMAND: PRESENTATION OF CLAIM. The statute providing that no action shall be brought against the county on an unliquidated demand, unless the same has been presented to the board of supervisors and payment demanded and refused, such as a claim for personal injuries, requires that the claim be in writing when its payment is demanded; the word "present" being generally used when formal action is indicated.

*Appeal from Crawford District Court.*—HON. F. M. POWERS, Judge.

SATURDAY, APRIL 9, 1910.

SUIT to recover damages for personal injuries. The defendant appeals from a judgment for the plaintiff.— *Reversed.*

*E. A. Wissler* and *Lee & Robb,* for appellant.

*Byers & Byers* and *Conner & Lally,* for appellee.

SHERWIN, J.—I. The plaintiff was injured by the falling of one of the defendant's bridges. He is a farmer, and, over the objections of the defendant, he was permitted to testify as to the extent of his business as such prior to the accident, and as to the value of his services in personally superintending his business before and after his injury. There was no error in the ruling. It is fully supported by *Mitchell v. Railway Co.,* 138 Iowa, 283, where the rule is fully discussed, and by *Jordan v. Railway,* 124 Iowa, 177, and *Lund v. Tyler,* 115 Iowa, 236.

II.   Two or three weeks before the bridge fell it had been examined by three members of the defendant's board of supervisors, and several days after it fell the plaintiff was told by one of the members who made such examination, in substance, that they found the bridge in a bad and unsafe condition.   The plaintiff was permitted, over the defendant's objections, to detail his conversation with such member of the board.   There was prejudicial error in receiving such testimony.   In *Yordy v. Marshall County,* 86 Iowa, 340, we held such testimony incompetent because the declaration was made by an agent of the county who was not at the time of making it engaged in official business, and that the declaration was not a part of the *res gestae.*   The *Yordy* case followed the rule that had already been announced in *Sweatland v. Telegraph Co.,* 27 Iowa, 433; *Treadway v. Railway Co.,* 40 Iowa, 526; *McPherrin v. Jennings,* 66 Iowa, 622.   In the *McPherrin* case it was said: "Under this rule (as to the declarations of an agent) plaintiff was entitled to introduce evidence of the declarations in question only in case he had established that the person who made them was in fact the agent of the defendant, that they related to a matter within the scope of his employment as such agent, and that at the time of making them he was engaged in the performance of some duty with reference to the matter to which they related."   In the instant case the member of the board had supervision of the bridge in question at the time he with the other members of the board made the examination in question, but at the time he made the statement to the plaintiff as to its then condition he was not engaged in the performance of any duty connected therewith or referring thereto.   The testimony was therefore incompetent, and, as it related to a vital question in the case, it could not be otherwise than prejudicial to the defendant.

III.   A witness was also permitted to testify that

*2. SAME: county bridges: evidence: statements of public officers.*

he had notified a member of the board of supervisors of the rotten condition of the plank on the bridge, and error is predicated on the ruling.

**3. SAME: evidence: harmless error.**

There is nothing in the point, however; for a member of the board, who made the examination of the bridge before the accident, testified that they found the plank in bad condition.

IV. The plaintiff was injured on the 2d of April, 1906. On the 14th of May, 1906, he served upon the county notice of the accident and of his injury, and that he would claim damages on account thereof.

**4. COUNTIES: action upon unliquidated demand: presentation of claim.**

On the 21st of May he served another notice on the county to the same effect, and specifying therein the items for which he claimed damages, the amount of each, and the total claim. On the 2d of February, 1907, he served still another notice to the same effect, but increasing his total claim from $3,129 to $10,000. At the January, 1908, term of court, the plaintiff filed a notice of amendment to his petition and additional claim, in which it was stated that he would claim $15,000 additional damages or a total of $25,000. It appears that oral notice of the additional claim of $15,000 was given the board of supervisors long before this by the plaintiff at a time when the board was in session, and when he was before it for the purpose of securing his claim. The defendant pleaded that the additional claim of $15,000 was barred by the statute of limitations; that the additional claim of $6,871 was also barred; that the $15,000 claim was not itemized or verified as required by the statute; and that by resolution the board required all claims to be presented in writing. It is said that the court did not state the issues thus presented, and that it erred in not withdrawing from the consideration of the jury the $15,000 claim. The additional claim of $15,000 was nothing more than a notice to the board of supervisors that the plaintiff would claim

a larger amount of damages for the same injuries than he had theretofore demanded. And, as the verdict and judgment were for a little over $7,000, it is manifest that there was no prejudicial error in the matters complained of relative to that claim. But, as the case will have to be retried, it is deemed best to indicate our views on the question presented. Code, section 3528, provides that "no action shall be brought against any county on an unliquidated demand, until the same has been presented to such board and payment demanded and refused or neglected." In *Marsh v. Benton County,* 75 Iowa, 469, it was held that recovery can not be had for a larger amount than is originally claimed, unless the additional claim be first presented to the board for its action, and, under the rule of that case, it would be improper to submit such additional claim to the jury in this case, unless it be shown that such claim was presented to the board within the meaning of the statute. We are therefore brought to the question whether an unliquidated demand must be in writing when its payment is demanded. We are of the opinion that such is the requirement of the statute. It says that no action shall be brought until the demand has been "presented" to the board, and payment demanded and refused. The word "present" is generally used when formal action is indicated. And the statute has been held applicable to unliquidated claims of all kinds—those arising from torts as well as from contracts. *Little v. Pottawattamie County,* 127 Iowa, 376. The purpose of the statute is to give the board of supervisors an opportunity for investigation and for determining whether the claim shall be paid or litigated. If it is sufficient to make an oral demand or claim, it was hardly necessary to provide that payment must be demanded, for the making of an oral unliquidated demand would be sufficient. In *Dale v. Webster County,* 76 Iowa, 370, we held that, under the statute, the board should be informed of the amount of the claim

and the grounds on which it is made with sufficient clearness to enable it to investigate the facts and reach an intelligent conclusion. A written demand or claim can always be made with but little trouble, and it will avoid the conflict which must necessarily arise over an oral one. Moreover, if the board has no formal written demand before it, there is an opportunity for misunderstanding and oversight which might involve all parties in endless and needless trouble. An additional reason for holding that the demand should be in writing is to be found in the provisions of the statute which require particular written accounts. Section 1300. If the board settled an unliquidated claim, its records would also be incomplete, unless the claim so settled was presented in writing. This construction of the statute will protect all parties and prejudice no one.

Many other alleged errors are argued, but, as the same questions are not likely to arise upon the retrial of the case, we need not discuss them.

For the error pointed out, the judgment must be *reversed*.