C. E. WALTERS, Appellee, v. IOWA ELECTRIC COMPANY, Appellant.

EVIDENCE: Opinion Evidence—Cause of Fire. The expression of an
1   opinion by a party as to the ''cause of a fire'' is not admissible on
    such issue, whether viewed as the opinion of an *individual* or as that
    of the *agent* of the party sought to be held liable.

APPEAL AND ERROR: Harmless Error—Unallowable Opinion on
2   Otherwise Established Fact. The reception of opinion evidence to

the effect that a fire was caused in a certain manner is harmless when the record otherwise conclusively demonstrates that the fire was caused in said manner.

EVIDENCE: Opinion Evidence—Value—Owner of Property. An owner
3  of personal property is a competent witness to give his opinion as to the value of the property.

Headnote 1: 22 C. J. pp. 376, 499. Headnote 2: 4 C. J. p. 998. Headnote 3: 22 C. J. p. 581.

Headnote 1: 11 R. C. L. 957. Headnote 3: 11 R. C. L. 640.

*Appeal from Guthrie District Court.*—W. G. VANDER PLOEG, Judge.

MARCH 15, 1927.

Action to recover damages by reason of the destruction of certain personal property by fire, alleged by plaintiff to have been caused by the negligence of the defendant in the operation of its electric transmission lines. Cause tried to a jury, the trial resulting in a verdict for plaintiff in the sum of $1,300. Judgment was entered on the verdict, and the defendant appeals.— *Affirmed.*

*John A. Reed, C. E. Richman,* and *Harry Wifvat,* for appellant.

*A. M. Fagan,* for appellee.

DE GRAFF, J.—Plaintiff was the owner of various articles of personal property alleged to have been destroyed by fire caused by the negligence of the defendant in the maintenance and operation of its electrical transmission line. The personal property was located on a farm occupied by the instant plaintiff, but the farm was owned by his father, R. L. Walters.

The material facts and the controlling principle of legal liability in the case at bar are stated in the case of *Walters v. Iowa Elec. Co.,* 203 Iowa 471. There is no occasion for repetition either of fact or legal statement.

A reversible point is stressed by the defendant, that the court erred in permitting testimony to be offered on behalf of plaintiff as to certain statements or admissions made by one C.

T. Harney on the evening of the day of the fire.

C. T. Harney was admittedly the division manager of the defendant, Iowa Electric Company, in that district. He had been notified of the fire very shortly after its occurrence, by R. L. Walters, the owner of the farm. Harney came to the scene about 6 or 6:30 o'clock that evening. Two witnesses, R. L. Walters and George Hubbard, testified that each had a conversation, on the evening in question, with Mr. Harney with regard to the origin of the fire, and, over proper and timely objections on the part of the defendant, were further permitted to testify that Mr. Harney said that he (Harney) did not have any doubt as to the origin of the fire. The exact testimony of Hubbard is as follows:

1. EVIDENCE: opinion evidence: cause of fire.

"We were talking about the knot, and he [Harney] said: 'I don't think there is the least doubt but that is what started the fire.' He was referring to the tree. That is what we were talking about—was the fire in the tree at that time."

Harney, as a witness on behalf of the defendant, admitted that he had a talk with R. L. Walters, but denied that he told Walters how the fire started. "I never made a statement to Mr. Hubbard that the electric wires had caused the fire." We disregard the conflict in the testimony in this particular, as the material question involves the admissibility of the evidence in the first instance.

The challenged testimony as to the cause of the fire may be viewed as either the expression of an opinion on the part of Harney as an individual, or the expression of an opinion on the part of Harney as an agent of the defendant-corporation. Under either viewpoint, the objections and the motion to strike should have been sustained. It is said in *Kelly v. Muscatine, B. & S. R. Co.*, 195 Iowa 17:

"We are committed to the rule that, when all the pertinent facts can be sufficiently detailed and described to enable the jurors to form a correct conclusion without the aid of opinions, no exception to the rule excluding opinion evidence will be tolerated [citing cases]."

It is apparent that the subject-matter under discussion with Harney was the cause of the fire, and what he said was but an expression of opinion, based on the facts which he had before

him at that time. Under the rule stated, his personal opinion was incompetent to go to the jury.

We next inquire, Was he the agent of the defendant, and, as such agent, competent to bind his principal as to the matter in question? It is a well recognized rule that the offering party, under circumstances of this character, must show that the party making the declaration was a competent party to act for his principal in relation to the matter. *Howell v. Mandelbaum & Sons,* 160 Iowa 119.

It is undisputed that Harney was the division manager of the defendant-company, but with respect to his powers or duties the record is silent. We cannot presume that Harney was vested, as an agent of the defendant, with general authority to determine a matter concerning which a liability was asserted. It is said in *Xenia Bank v. Stewart,* 114 U. S. 224, 229:

"The declarations made by an officer or agent of a corporation, in response to timely inquiries, properly addressed to him and relating to matters under his charge, in respect to which he is authorized in the usual course of business to give information, may be given in evidence against the corporation."

See, also, *Sioux Valley St. Bank v. Kellog,* 81 Iowa 124; *Howe Mach. Co. v. Snow,* 32 Iowa 433; *Alquist v. Eagle Iron Works,* 126 Iowa 67; *Mundhenk v. C. I. R. Co.,* 57 Iowa 718.

Did the failure of the court to sustain the objections constitute error without prejudice? The cause of the fire was not a speculative matter. There was, in fact, no conflict in the evidence as to the origin of the fire, and with this view of the situation we hold that the rulings of the trial court, although erroneous, were not prejudicial.

2. APPEAL AND ERROR: harmless error: unallowable opinion on otherwise established fact.

A further complaint is made by appellant that there is no competent proof in the record as to the value of the personal property alleged to have been destroyed by the fire. The measure of damage for the total destruction of the personalty in suit is its reasonable market value immediately before its destruction. The record discloses that plaintiff was the only witness who testified to the reasonable market value of the destroyed property contained in his itemized bill of particulars. As the owner of the property, he was a competent witness to state what, in his

3. EVIDENCE: opinion evidence: value: owner of property.

opinion, was the reasonable market value of the property. His answer to the question on direct examination eliciting his knowledge of values is in these words:

"Just using my judgment, what have seen stuff sell for. That is what I figured it would be worth."

This did not quite meet the situation, and the trial court so viewed the matter. The witness then answered in the affirmative to these questions:

"Do you have an opinion as to what this property would have sold for, if placed upon the market in the ordinary way of selling this kind of property? Are the values you have fixed such as, in your opinion, this property would have sold for, if placed on the market at that time?"

To these questions objections were made, but overruled.

We are constrained to hold that the manner in which the testimony of the plaintiff was elicited, bearing on the subject of value, is not to be expressly approved, but it does not constitute reversible error.

The judgment entered on the verdict is—*Affirmed*.

EVANS, C. J., and ALBERT and MORLING, JJ., concur.