James L. Quinn, administrator of estate of Robert Louis Quinn, et al., petitioners, v. Honorable Frank Bechly, Judge of the Sixth Judicial District, respondent.

Nos. 48084
48104.

(Reported in 54 N.W.2d 492)

July 28, 1952.

Rehearing Denied September 19, 1952.

Louis J. Kehoe, of Washington, and A. C. Cahill of Messer, Hamilton, Cahill & Bartley, of Iowa City, for petitioners.

Edmund D. Morrison, Jr., of Washington, for respondent.

MULRONEY, C. J.—Three days after the death of Robert Louis Quinn in an automobile accident the clerk appointed his son, James L. Quinn, administrator of his father's estate. Four days later the widow of Louis J. Quinn filed her petition in the district court asking for the removal of James L. Quinn as administrator and asking the appointment of her nominee, Lee A. Holland. After hearing on the widow's petition the trial court concluded the widow had the exclusive right (under sections 633.39 and 633.40, Code, 1950) during the first twenty days after burial to request and make application for the granting of administration to any suitable person. The court on January 11, 1952 entered an order revoking the clerk's appointment of James L. Quinn and removing him as administrator and appointing Lee A. Holland as administrator. The order went on to direct James L. Quinn to "make full report of his doings while acting as administrator" and "deliver up to the said Lee A. Holland as administrator all property, rights and credits of this estate which came into [his] possession or control * * * while acting as administrator of this estate." The order also taxed the costs of the hearing against James L. Quinn and his sister, Jean Quinn Mooney. The latter had nominated her brother in the first instance and joined him in resisting the widow's petition.

The order removing James L. Quinn as administrator was entered in the records on January 12, 1952, and on the same date James L. Quinn perfected his appeal to the supreme court. On January 17, 1952, James L. Quinn filed a supersedeas bond fixed by the court in the sum of $20,000. That appeal is pending

in this court with the record and appellant's brief and argument now on file. The case now before us involves two orders entered by the district court after the appeal and after the supersedeas bond had been filed and the clerk's stay order issued as provided by rule 337, Rules of Civil Procedure.

On January 19, 1952, upon the application of Lee A. Holland, administrator, the court made an order authorizing him to join the widow in the defense of the order and ·judgment appealed from and to employ counsel at the expense of the estate.

On February 20, 1952, the court made an order setting aside and vacating an ex parte order previously entered authorizing James L. Quinn as administrator to commence an action for wrongful death of Robert Louis Quinn.

The above are the two. orders which James L. Quinn seeks to test in the two consolidated certiorari actions now before us. Petitioner argues the order of January 11, 1952 was stayed by the filing of the supersedeas bond and the issuance of the stay order by the clerk. The respondent argues the order of January 11, 1952 insofar as it removed James L. Quinn as administrator and appointed Lee A. Holland was self-executing and to this extent it was not superseded by the bond; that Lee A. Holland was the duly qualified and legally acting administrator of the estate after the appeal and after the filing of the supersedeas bond and the court had jurisdiction to enter the orders which are the subject of these certiorari actions.

The petitioners conceded in oral argument and practically concede in their written brief that the question of the trial court's jurisdiction. to make the orders of January 19 and February 20, 1952 is answered by whether the appeal from the order of January 11, 1952, and the supersedeas bond filed in connection with that appeal and the issuance of the stay order by the clerk, pursuant to rule 337, Rules of Civil Procedure, left James L. Quinn administrator during the pendency of the appeal. We are convinced that the appeal, supersedeas bond and clerk's stay order did not supersede that part of the order of January 11, 1952, removing James L. Quinn and appointing

1188

Lee A. Holland as administrator. This part of the order was self-executing.

No particular significance can be attached to the stay order issued by the clerk under rule 337, Rules of Civil Procedure, after the supersedeas bond was filed. We have held enforcement of a judgment which is self-executing is not stayed by such an order. See Scheffers v. Scheffers, 241 Iowa 1217, 1221, 44 N.W.2d 676, 679, and cases cited. In this Scheffers case we approved the following definition of a self-executing order found in Haddick v. District Court, 164 Iowa 417, 420, 145 N.W. 943, 944:

" 'A self-executing order has been defined by this court as one which requires "no act of a ministerial or other officer to put it into effect." Allen v. Church, 101 Iowa 116. Generally speaking, a self-executing order presupposes that no act of the defeated party is required in order to render its fruits available to the successful party. A self-executing order is ordinarily one which is injunctional and prohibitive, or one which fixes the status of a party, as in an action of divorce, or in an action to test the right to office, or one which adjudicates the title to property, and especially where a title is quieted in a party in possession.' "

Insofar as the order of January 11, 1952 removed James L. Quinn and appointed Lee A. Holland as administrator it decided a right similar to a right to office. That part of the order removing James L. Quinn as administrator was clearly self-executing. It required no act of any officer to put it into effect. It was merely a step in the appointment of Lee A. Holland as administrator. The same is true of that part of the order appointing Lee A. Holland as administrator. It did not require any act of the defeated party, Quinn, to render the fruits of that part of the order available to the widow and Holland. This quotation from In re Estate of Acken, 144 Iowa 519, 534, 123 N.W. 187, 192, Ann. Cas. 1912A 1166, is much in point:

"It is contended that when the first appeal was taken and supersedeas bond filed, the trial court lost jurisdiction of the matter, and could make no further orders. This all depends

upon the character of the order appealed from. If it was a self-executing one, then the filing of the supersedeas did not stay further proceedings. The order approving the action of the clerk and confirming the appointment of the administrator was clearly .self-executing, and the filing of a supersedeas did not stay further proceedings commenced by the administrator. This is too clear for argument. But see Allen v. Church, 101 Iowa 116; Allen v. Cook, 71 (Iowa) N.W. 534; First National Bank v. Dutcher, 128 Iowa 413; Watson v. Richardson, 110 Iowa 698. As the appeal in no manner affected the appointment of the administrator, he was authorized to proceed under section 3315 of the Code before quoted [now section 635.14, Code of 1950]."

In the case of In re Damico, 150 La: 888, 890, 91 So. 286, it is held: "A judgment appointing an administrator of a succession is immediately executory. There is no right to a suspensive appeal from such a judgment."

In Stewart v. Hurt, 9 Cal. 2d 39, 42, 68 P.2d 726, 727, where the writ of supersedeas was denied in a case much like the instant case, where a testamentary trustee was removed and ordered to account to his successor, it is held: "Those provisions of the judgment which removed the petitioner as trustee and appointed Miller to succeed him were self-executing."

The writs of certiorari are annulled.—Writs annulled.

All JUSTICES concur.