J. R. Archer et al., appellants, v. Board of Education in and for Fremont County et al., appellees; Community School District of Farragut in Fremont County et al., intervenors-appellees.

No. 50050.

(Reported in 104 N.W.2d 621)

1078

August 2, 1960.

D. D. Hogzett, of Oakland, and Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellants.

Edwin S. Getscher, of Hamburg, for appellees.

John S. Redd, of Sidney, and Raun & Franck, of Denison, for intervenors-appellees.

GARFIELD, J.—This is an action in certiorari claiming defendants, county board of education and superintendent of schools of Fremont County, acted illegally in approving a petition for reorganization of the Community School District of Farragut, amending the county plan and holding an election on creation of the district. Plaintiffs are residents of territory

included in the reorganized district. The Farragut district and its board of directors intervened on the side of defendants. Following trial to the court relief was denied and plaintiffs have appealed.

July 29, 1958, a petition, pursuant to section 275.12, Code, 1958, was filed with defendant county superintendent for reorganization of the Community School District of Farragut. Objections to the petition were filed as permitted by section 275.14. (References are to the Code of 1958.) Defendant county board read and studied the objections, and maps of the area were made at a meeting on September 5, 1958. The meeting was adjourned to September 8 and the adjourned meeting was recessed until the 9th when the boundaries of the proposed reorganized district were fixed as petitioned for, the method of election of directors set out in the petition was changed and objections to the petition were overruled, all by votes of 4 to 1. This petition in certiorari, filed February 26, 1959, challenges the legality of the county board's order of September 9.

I. Plaintiffs-appellants' first assigned error is that studies and surveys must be made by a county board before approving a reorganization petition which requires an amendment to a county plan. The boundaries of this reorganized district do not correspond to the county plan previously adopted but involve a change therein. It is conceded the original county plan was regularly prepared, considered and adopted, pursuant to Code sections 275.1 to 275.5. The claim is that additional studies and surveys were a prerequisite to the action taken here. Principal basis for the claim is this language of section 275.9:

"The provisions of sections 275.1 to 275.5, inclusive relating to studies, surveys, hearings, and adoption of county plans shall constitute a mandatory prerequisite to the effectuation of any proposal for district boundary change. It shall be the mandatory duty of the county board or joint county boards to dismiss the petition if the above provisions are not complied with fully."

It is clear from this that completion of a county plan pursuant to studies, surveys and hearings, as provided by sections 275.1 to 275.5, is a prerequisite to any proposal to change district boundaries. But other statutes make it equally clear

that once a county plan is adopted additional studies and surveys are not a 'prerequisite to the fixing of boundaries of a proposed reorganized district which differ from the county plan. The studies, surveys and hearings which must precede adoption of the county plan are comprehensive and require much time. The Fremont County plan was under study and consideration from 1949 to 1956. If this process must be repeated each time a petition for reorganization is filed which does not correspond to the county plan, reorganization of districts would be unduly and unwisely delayed. Section 275.1 provides county plans must be completed by July 1, 1958. They are the plans and the studies, surveys and hearings which precede their adoption are the ones to which 275.9 refers.

Section 275.12 which sets out what a petition for a proposed reorganized district must contain says this: "1. A petition describing the boundaries, or accurately describing the area included therein * * *, of the proposed district, which boundaries or area described shall conform to county plan *or the petition shall request change of the county plan,* shall be filed with the superintendent of schools * * *." (Emphasis added.)

Section 275.14 provides for filing objections to the petition. Section 275.15 provides for the county board to hear objections and that it "shall enter an order fixing such boundaries for the proposed school corporation as will in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts or dismiss the petition."

No statute requires additional studies and surveys before boundaries may be fixed which do not correspond with the county plan. The matter is left to the judgment of the board and no rules are prescribed which the board must follow.

Hubka v. County Board of Education of Mitchell County, 251 Iowa 659, 664, 102 N.W.2d 167, 170, published since plaintiffs' brief was filed, decides this question contrary to plaintiffs' position. Although the petition in the cited case included territory in two counties we think the decision applicable here. It states:

"* * * The legislature has seen fit to vest the joint County Boards acting as a single Board with authority to change exist-

ing tentative county plans. It has not prescribed a set of rules to be followed but has seen fit to leave it to the Board to determine for itself whether it has sufficient data before it to enable it to make the change. * * * It had jurisdiction to act. It acted and while its action may have been erroneous which could be corrected on appeal, as is provided for in section 275.16, we find no illegality such as to sustain a writ of certiorari." (Citations)

The statutory provisions referred to herein are the ones the Hubka opinion considers. Evidently the language we have quoted from section 275.9 was also relied upon there. The petition for reorganization is subject to the requirements of 275.12, whether the territory affected is in one or more counties. Section 275.16 makes 275.15 applicable to hearings before joint boards of two or more counties acting as a single board. "* * * it shall determine and fix boundaries * * * as provided in section 275.15 or dismiss the petition."

The Hubka case is followed in Wilkinson v. County Board of Education, 251 Iowa 876, 880, 102 N.W.2d 924, 927.

II. Plaintiffs say the action of defendant board was arbitrary and for private rather than public purposes. Principal basis for this contention, aside from the question considered in Division I hereof, is this statement issued by defendant county superintendent after the meeting of September 9, 1958, adjourned and published in the county seat newspaper on September 11:

"Since no other solution could be arrived at, the Fremont County Board of Education voted to approve the petition for the formation of the community school district of Farragut. The proposition was approved as a whole since letting objectors out would strengthen the proponents of the proposition and weaken the opponents of the proposition. It was also felt that no favor should be granted to any one objector."

We are clear the board's order of September 9 may not be annulled as illegal on the strength of this statement.

Section 275.15 provides objections are to be ruled upon and district boundaries fixed by the county board. The county superintendent is not a member of the board although he acts as its secretary. (Section 273.18) The statement quoted above is a

mere declaration of the superintendent as to action previously taken by the board.. It was not the function of the superintendent to speak for the board. The statement was not admissible against the board or the district of which it was the governing body. Friedman v. City of Forest City, 239 Iowa 112, 126, 127, 30 N.W.2d 752, 759, 760; Escher v. Carroll County, 146 Iowa 738, 740, 125 N.W. 810; Yordy v. Marshall County, 86 Iowa 340, 342, 343, 53 N.W. 298; Cape Girardeau School Dist. No. 63 v. Frye, Mo. App., 225 S.W.2d 484.

The statement was also objectionable as an expression of the superintendent's opinion and conclusion as to reasons which led the board to act. Muntz v. Travelers M. Cas. Co., 229 Iowa 1015, 1022, 1023, 295 N.W. 837, 841, 842; Walters v. Iowa Elec. Co., 203 Iowa 467, 469, 212 N.W. 886; 31 C. J. S., Evidence, section 272b.

We are not to be understood as holding consideration of the statement would entitle plaintiffs to relief in this action.

III. As an alternative proposition plaintiffs contend defendants acted illegally in holding an election under section 275.18 upon the creation of the reorganized district in alleged violation of a supersedeas stay order and while an appeal from the board's order of September 9 was pending.

Monroe Township School District, one of the affected districts, took an appeal from the county board's order of September 9. When the appeal reached the district court the county board and superintendent filed a special appearance which was sustained and the appeal dismissed pursuant to the ruling. Monroe District appealed to us from this judgment and we reversed it October 20, 1959. Monroe Township School District v. Board of Education, 250 Iowa 1324, 98 N.W.2d 888.

After the judgment was entered in the trial court and before the appeal was taken to us the county superintendent called a special election upon creation of the reorganized Farragut district to be held February 17, 1959, and notice thereof was given. February 14 the Monroe district filed a supersedeas bond with the clerk of the district court who issued an order that the county board and superintendent and the Farragut district "stay proceedings under said judgment of January 21,

1959." The bond was filed and the clerk's order issued under rule 337, Rules of Civil Procedure. The trial court in the present action held the election on creation of the reorganized Farragut district was not rendered illegal by the clerk's stay order of February 14 in the Monroe Township case. We agree with this decision.

The judgment in the Monroe Township case, proceedings under which it was sought to stay by following rule 337, was merely a dismissal of its petition. Rule 337 supersedes sections 12858–12861, Code, 1939, which were similar in substance to the rule. We have repeatedly held enforcement of a judgment which was "self-executing" was not stayed by taking an appeal, filing bond and issuance of the clerk's stay order under these statutes. There are like holdings under rule 337. Under the former statutes and the rule, it is only "proceedings under a judgment" which are stayed in any event by the clerk's order. Validity of the judgment appealed from is not thereby affected. Scheffers v. Scheffers, 241 Iowa 1217, 1221, 44 N.W.2d 676, 678, 679, and citations; Quinn v. Bechly, 243 Iowa 1185, 1188, 54 N.W.2d 492, 493.

A self-executing order is one which requires no act of a ministerial or other officer to put into effect. No act of the defeated party (Monroe Township District here) is required in order to render its fruits available to the successful party (county board and superintendent here). Citations last above. It is plain the judgment dismissing Monroe district's appeal was self-executing except as to its liability for court costs that may have been taxed against it. No proceedings under the judgment were necessary or called for in order to render dismissal of the Monroe appeal effective.

Plaintiffs contend here it was illegal, irrespective of the clerk's stay order, to hold the election while Monroe's appeal was pending in this court on its appeal from the trial court's judgment of dismissal. Section 275.18 provides the county superintendent shall call a special election on creation of a reorganized district within thirty days "from the date of the final determination of such boundaries" of the district. Plaintiffs argue the boundaries will not be finally determined until Monroe's appeal

1084

is finally determined and this has not yet occurred. It is said our reversal of the judgment of dismissal reinstated the appeal in the district court and it is still pending there—and, so far as we know, this is true. And of course there may be an appeal to this court from the final determination of the appeal in the district court. Plaintiffs would have us hold that not until a decision by us upon such an appeal, if one were taken, are the boundaries of the reorganized Farragut district finally determined.

Section 275.18 clearly indicates that taking an appeal from such an order as that of September 9 by a single county board shall not delay calling the special election on creation of the district or giving notice thereof. It states: *"In the case of joint districts,* no notice for an election shall be published until the time for appeal, which shall be the same as that provided in section 285.12, has expired; and in the event of an appeal, not until the same has been disposed of." (Emphasis added.)

By singling out joint districts—those in more than one county—as districts in which no notice of an election shall be published during time for, or pendency of, an appeal the legislature by clear implication permitted such an election to be called and notice thereof published in districts such as this, wholly within one county. The familiar rule of statutory construction to be applied is that the express mention of one thing ("In the case of joint districts") implies the exclusion of others, such as single county districts. The Latin maxim is "expressio unius est exclusio alterius." Thus the legislative intent is expressed by omission as well as by inclusion. It is not our province to write into the above quoted language from section 275.18 what the legislature omitted therefrom. State v. Flack, 251 Iowa 529, 533, 101 N.W.2d 535, 538, and citations; Dotson v. City of Ames, 251 Iowa 467, 472, 101 N.W.2d 711, 714.

Surely the legislature would not permit an election to be called and notice thereof published unless it could be held pursuant thereto.

To adopt plaintiff's argument that boundaries of a school district are not finally determined until any appeal from such an order as that of September 9 is finally disposed of in the

courts would seem to be somewhat inconsistent with the rule that fixing boundaries of a school district is a legislative function which may not be delegated to the courts. That this is the rule see In re Proposed Community School District of Malvern, 250 Iowa 1240, 98 N.W.2d 737, and citations. Adoption of the argument might also result in undesirable long delays in finally establishing and functioning of school districts approved by county boards.—Affirmed.

LARSON, C. J., and HAYS, THOMPSON, GARRETT, and THORNTON, JJ., concur.

PETERSON, J., takes no part.

OLIVER, J., not sitting.