WILLIAM CALAHAN ET AL., Appellants, v. GREELEY HAND-
SAKER ET AL., Officers and Members of the Board of
Directors of the School Township of Richland, Story
County, Iowa.

**Schools:** ANNUAL MEETING: NOTICE. Notice of an annual school
1    meeting and of an election to vote bonds for the erection of
a school house which is in substantial compliance with the
statute, is sufficient.

In the instant case the notice is held to fulfill the require-
ments of the statute.

**Same:** POSTING OF NOTICES. Proof that notices were left with the
2    teachers at some of the schoolhouses of a district with direc-
tions to post the same is sufficient to raise a presumption that
they were posted, in the absence of evidence to the contrary,
and this in connection with a showing that they were actually
posted on the remainder of the schoolhouses is sufficient proof
of posting in conformity with the statute.

**Same:** ISSUANCE OF BONDS: SUBMISSION OF QUESTION: FORM OF
3    BALLOT. It is the general rule that in submitting the question
of issuing school bonds the ballot must fairly and intelli-
gently present the question to be voted upon, but where all
the preliminary steps are regular an omission from the propo-
sition submitted of the limit of indebtedness to be incurred,
as provided in the resolution of the board and notice of the
election, will not invalidate the election.

**Bonds:** INJUNCTION. A court of equity will not interfere by in-
4    junction with the action of a school board in the issuance of
bonds unless it is clearly shown that its action was illegal.

*Appeal from Story District Court.*— HON. W. D. EVANS,
Judge.

MONDAY, MARCH 11, 1907.

SUIT in equity to restrain the defendants from proceed-
ing to consolidate the subdistricts of said school township,
and to restrain them from issuing and disposing of certain
bonds issued for schoolhouse as proposed, and from using the

funds so procured in building a schoolhouse in the town of Fernald in said township. There was a trial to the court and a judgment dismissing the petition. The plaintiffs appeals.— *Affirmed.*

*E. H. Addison, Fitchpatrick & McCall,* and *D. J. Vinje,* for appellants.

*Bert B. Welty,* for appellees.

SHERWIN, J.— The appellants are residents and taxpayers in Richland township, Story county, Iowa. At the time this case was tried the defendants were officers and members of the board of directors of the school township of Richland in said county. At a called meeting of the school board of Richland township held at Center schoolhouse March 2, 1905, the following resolution was passed: " Be it resolved that at the annual meeting of the voters of the school township of Richland to be held Mar. 13, 1905, the question of issuing not to exceed $4,000 school building bonds to erect and complete a schoolhouse within and for said township be submitted to the voters and the secretary instructed to give the required notices." Pursuant to the above resolution, notice substantially as follows was posted throughout the township, as we shall hereinafter more particularly indicate:

Notice of annual meeting of the qualified electors of the school township of Richland in the county of Story, and State of Iowa. Notice is hereby given that the annual meeting of the voters within said corporation will be held on the 13th day of Mar., 1905, being the second Monday in March, for the election of directors and at which time the following question will be submitted to and determined by the voters, namely: Shall the school township of Richland in the county of Story and State of Iowa by its board of directors issue negotiable bonds for the purpose of borrowing funds necessary to erect a schoolhouse within and for the said township, said bonds not to exceed $4,000. Those in favor of

issuing bonds as above stated will vote by ballot with the word written thereon 'Yes'; those not in favor of issuing bonds as above stated will vote by ballot with the word written thereon 'No.' Poles will be open for the reception of votes at Center schoolhouse in said district from 1 o'clock p. m. until 7 o'clock p. m. of said day.

The official ballot that was used at the annual meeting, and upon which the proposition was voted to issue the bonds was in the following form:

Notice to voters: For an affirmative vote upon any question submitted upon this ballot make a cross mark in the square after the word 'Yes,' for a negative note make a similar mark in the square following the word 'No.' Shall the following public measure be adopted: Shall the school township of Richland in the county of Story in the State of Iowa, by its board of directors issue negotiable bonds for the purpose of borrowing the funds necessary to erect and complete a schoolhouse in and for said township?

The proposition submitted to the voters at this election was duly carried, but the plaintiffs contend that the notices did not comply in form and service with the requirements of the statute; and, further, that the ballot did not comply with the statute or with the resolution authorizing it. It is also contended on the part of the appellants that the board having in contemplation the unlawful consolidation of the sub-districts of the school township did not pass a proper resolution.

There are two sections of the Code providing for notice of the meeting of the voters of each school corporation. The first is section 2746, which provides that notice in writing of the place, day, and hours during which the meeting will be in session . . . shall be posted by the secretary of the board in at least five public places in said corporation for not less than ten days preceding the day of the meeting. Section 2763 provides that the secretary "shall give ten days printed or

1. SCHOOLS: annual meeting; notice.

written notice of all meetings of the voters posted in at least five public places in the corporation, but a notice shall be posted at the door of each schoolhouse, also at or near the last place of meeting, and each notice shall state the date, hour and place of meeting, also the object." These two sections are apparently inconsistent, but the inconsistency cannot avail the plaintiffs in this case. The notices given state the object of the meeting with sufficient definiteness, and also state the place, day, and hours during which the meeting will be in session. They were therefore substantially in accord with the statute, no matter which section be considered.

Under section 2763, notice must be posted in at least five public places in the corporation and upon the door of each schoolhouse therein, and it is the contention of the appellants that the record does not show the posting of notices on all the schoolhouse doors. There is no merit in the claim, however. The only testimony on the subject shows conclusively that notices were posted on seven of the nine schoolhouses in the district, and that notices were left with the teachers in the other two schoolhouses by the secretary, with the directions to them that they were to be read to the pupils and posted on the doors. Whether these two notices were in fact so posted does not affirmatively appear, but the law presumes that public officers perform their duties, and such presumption exists until it is overthrown by competent evidence; and, it being shown that the notices were delivered to the teachers with directions to them to post them, it will be presumed that they were in fact posted. 1 Elliott on Evidence, section 132; 3 Elliott on Evidence, section 2588; *M. & St. L. R. R. Co. v. County of Kossuth,* 41 Iowa, 57; *Smith v. Dist. Tp. of Knox,* 42 Iowa, 522.

Section 2812b of the Supplement provides that the board of school directors, when authorized by the voters, may issue bonds to be known as school building bonds for

2. SAME: posting of notices.

the purpose of providing funds for the erection of school-

**3. SAME: issu- ance of bonds; submission of question: form of ballot.** houses. This section does not provide, however, the manner in which the question of issuing said bonds shall be submitted to the voters of the district, and we are therefore to determine the sufficiency of the ballots under the provisions of title 13, chapter 14, of the Code. Section 2749 of said chapter enumerates the general powers of the voters assembled at the annual meeting of the school district, and among other powers given by said section is the power to submit to the voters any proposition authorized by law, and to provide in the notice for the annual meeting for submitting such proposition. It is also provided therein that all propositions shall be voted upon by ballot, and that such ballot shall state the proposition. The only substantial difference between the notice of the submission of the proposition and the ballot which was voted at the annual meeting is to be found in the omission from the ballot of the limit of $4,000 contained in the notices, and it is upon this difference that the appellants base their contention that the ballot was insufficient. It is undoubtedly the rule that the acts of the board must in all essential particulars comply with the statute; but it does not necessarily follow that the ballot must contain a recital of every preliminary step theretofore taken, or that it must alone furnish complete information as to the amount which it was proposed to raise for the building of the schoolhouse. It will be noticed that the proper resolution had been passed by the board submitting the question to the vote of the electors of the district, and that the proposition to be voted upon was in fact included in the notice of the meeting. Every step necessary to submit the proposition to the voters in a legal way had been taken preceding the ballot, and the ballot itself must of necessity relate to such prior action, and must be considered therewith. Section 2749 provides no specific form of ballot, but only requires that it shall fairly and intelligently present the question that is to be voted upon. It

is a general rule that in submitting a question of issuing bonds a substantial compliance with the statute is sufficient. 11 Cyc. 557. If the voter knows or can readily ascertain the full scope and meaning of the proposition by reference to other papers and proceedings, it is sufficient. In other words, the language of the ballot is to be construed in the light of facts connected with the election. *Rock v. Rinehart,* 88 Iowa, 37. In *Hawes v. Miller,* 56 Iowa, 395, the form of the ballot used in a county-seat election was in question, and it was there said: " If the ballot expressed such intentions beyond a reasonable doubt, it is sufficient without regard to technical inaccuracies or the form adopted by the voter to express his intentions. Of course, the language of the ballot is to be construed in the light of all facts connected with the election, and the subject contemplated in the proposition submitted to the electors, and the like, may be considered to aid in disclosing the intention of the voter." In this case, as we have seen, the preliminary resolution placed the limit of the bonds at $4,000, and the notice placed the same limit upon the amount of the bonds to be voted upon; and, while the ballot failed to place the same limit on the amount of the bonds issued, it refers to the notice and resolution, and it is clear that the voters fully understood that such issue would not exceed $4,000. We think the trial court properly held the ballot in substantial compliance with the requirement of the statute.

The appellant's final contention is that the action of the board of directors at the called meeting was in fact a move for the consolidation of the subdistricts in the township, and

**4. BONDS: injunction.** that the resolution submitting to the voters the question of raising funds for the building of a schoolhouse did not truly express the purpose of the board. There is nothing in this contention. The statute points out the manner of consolidating school districts, and gives the school boards discretionary power in the matter. While the question of consolidation was undoubtedly dis-

cussed at the various meetings of the board and at the annual meeting in question, no official action was ever taken to effect such consolidation, and the sole proposition submitted to the voters of the district and determined by them was whether there should be an issue of bonds for the erection of a central schoolhouse in said township. This question was determined in favor of the proposition to build, and a court of equity should not interfere by injunction, unless it be clearly shown that the action of the board was illegal.

We find nothing in the record showing such to be the case, and the judgment of the district court must therefore be *affirmed.*