INDEPENDENT SCHOOL DISTRICT No. 8 OF LIBERTY TOWN-
SHIP, in MARSHALL COUNTY, et al., Appellant, v. INDE-
PENDENT SCHOOL DISTRICT OF CLEMONS, in MINERVA
TOWNSHIP, in MARSHALL COUNTY, et al.

**Schools:** ORGANIZATION: DESCRIPTION OF TERRITORY: PETITION. Peti-
tions for the organization of a school district describing the pro-
posed new district as comprising all of an incorporated town
and the school corporation of the town, subdistricts and inde-
pendent districts were sufficient, under the provisions of Code
Supp. 2794, providing for the organization of an independent dis-
trict consisting of contiguous territory, to include not only the
territory of the incorporated town but also that of the inde-
pendent district in which the town was situated.

**Same:** NOTICE OF ELECTION. Notice of an election pursuant to such
petitions describing the territory as including all of the incor-
porated town, independent districts and subdistricts, all contigu-
ous territory to the independent district of the town, was a suffi-
cient notice of an election to vote on the proposition to create an
independent district comprising the original independent district
and adjacent territory.

**Same:** BALLOT. The ballot used in this case is held to sufficiently
describe the territory so as to include the original independent
district as well as contiguous territory.

**Same:** NOTICE OF ELECTION: POSTING: PRESUMPTION. Where there is
nothing in the evidence to show that a sufficient number of elec-
tion notices were not posted in the territory proposed to be
organized into a school district the court will presume on appeal
that this was done.

**Same:** NOTICES OF ELECTION: SUFFICIENCY. Where the notices of
election were signed by the members of the board to whom the
petition for the organization of an independent district was pre-
sented, it was sufficient without certification by the secretary of
the board; so that the addition of the name of one purporting
to act as secretary, but not such in fact, did not render the notices
void.

**Same:** ELECTIONS: POLLING PLACES. The fact that separate elections
were held in each of the territorial divisions proposed to be

consolidated instead of a single election in the district to which the petition was presented, as contemplated by statute, did not invalidate the organization of the district, where it appeared that a majority of all the electors so voting were in favor of the organization; in the absence of any showing of fraud or that the result would have been different had the ballots all been cast at a common voting place.

*Appeal from Marshall District Court.*—HON. CLARENCE NICHOLS, Judge.

THURSDAY, JANUARY 11, 1912.

THIS action, instituted by a school corporation which formerly existed and still claims legal existence, represented by certain pretended officers and joined in by certain taxpayers residing in the territory of such pretended school corporation, was brought for the purpose of securing an injunction against a pretended school corporation and its alleged officers, preventing them from proceeding further or asserting any authority under an attempted consolidation of territory, creating the pretended corporation and merging into it the plaintiff corporation. The trial court, after hearing evidence on an application for a preliminary injunction, refused such application, and the plaintiffs appeal.—*Affirmed.*

*Cummings & Mote, J. M. Whitaker, and Carney & Carney,* for appellants.

*C. H. Van Law,* for appellees.

MCCLAIN, J.—Although the appeal here presented is from the refusal of a preliminary injunction, it is submitted on both sides with the understanding that the merits of the case may be finally disposed of by determining the correctness of the findings in law and fact, made of record by the trial judge in his ruling, by which he refused to

grant a preliminary injunction; and the case will be treated, therefore, as though it were now before this court on appeal from a final decree, denying to plaintiffs the relief asked.

In May, 1911, there existed in Marshall county, a school corporation, known as the Independent School District of Clemons, comprising the territory included within the corporate limits of that town and certain adjacent territory, all within Minerva township. During that month, proceedings were instituted, the general object of which was to create a new independent district, to include the independent school corporation of Clemons and certain described contiguous territory, which contiguous territory constituted subdistricts, numbered 1 and 2, of the school township of Minerva, and independent districts, numbered 7 and 8, of Liberty township, which adjoins Minerva township on the north. These proceedings were commenced in attempted compliance with the provisions of Code Supp. 1907, section 2794, which, so far as material for present purposes, provides that, upon the written petition of any ten voters of a city or town to the board of the school corporation in which the city or town is situated, such board shall establish the boundaries of a proposed independent district, including therein all of the territory of the city or town and such contiguous territory as is authorized by written petition of a majority of the resident electors of the contiguous territory proposed to be included, which contiguous territory may be in adjoining school corporations, and give notices of a meeting, at which all voters upon the territory included within the contemplated district shall be allowed to vote by ballot for or against such proposed organization. It is further provided that the voters residing in the territory outside the city or town shall be entitled to vote separately upon the proposition for the formation of such new district, if a petition requesting such separate vote is presented, and that, if a

majority of the votes cast by voters in the outside territory is cast against the inclusion of such territory, then the proposed independent district shall not be formed.

The general contention for the plaintiffs is that the proceedings for the establishment of the proposed independent district were so irregular and defective that such district was not in fact created, and does not now exist as a school corporation, and that therefore the plaintiff corporation has not been merged into it, and still has a legal existence, and that any attempt on the part of the proposed corporation or its officers to exercise authority will be void, and should be restrained.

It may be conceded at the outset that in the various steps taken in the attempted formation of the proposed corporation there are many irregularities, and it would serve no purpose to reproduce from the record in full the various petitions, notices, and orders in which such irregularities appear. We shall content ourselves with discussing briefly the merits of the complaints made as to errors and irregularities which, it is contended, were of such character as to render the attempted formation of the proposed district nugatory.

I. It is to be borne in mind that the attempt was to include in the proposed district the territory of the existing independent school district of Clemons, which district included within its limits, not only the incorporated town of Clemons, but also territory adjacent thereto, and to add to such existing district, in the formation of the proposed district, territory contiguous to that independent district, then included within the limits of other school corporations. It is not claimed that the proposed district might not have been properly created under the statutory provisions above referred to had the proper steps been taken. The principal contention for appellants is that in the petitions, notices, and orders the existing independent school district of Clemons was not sufficiently specified, described,

or referred to, and that the specifications and descriptions of the territory to be included in the proposed district designated only the town of Clemons and the territory contiguous to the independent district of Clemons, so that the proposed corporation did not include the territory of the independent district of Clemons, which was not within the town limits. If this contention is well founded, then the proposed district consisted of territory within the corporate limits of the town of Clemons and other territory not adjacent thereto. Such a proposed district could not be created under the statute.

The petitions presented to the board of directors of the independent school corporation of Clemons for the establishment of the proposed independent district were signed,

1 SCHOOLS: organization: description of territory: petition.

respectively, by the necessary number of electors residing within the town of Clemons, the two subdistricts of the school township of Minerva, and the two independent districts of Liberty township; and the complaint with reference to the sufficiency of these petitions is that they do not describe a proposed district including all the territory of the existing independent district of Clemons, but only that portion of the independent district of Clemons which was within the corporate limits of the town of Clemons. In the petition signed by legal voters of the town of Clemons, the proposed district is described as including "all of the town of Clemons," while in the other petitions the proposed district is described as including "the school corporation of the town of Clemons." Clearly the reference to the "school corporation of the town of Clemons" was sufficient to designate the existing independent school district of Clemons, composed of the territory of the town and adjacent territory. There was no other school corporation of the town of Clemons. The petition of the voters of the town of Clemons is more ambiguous, but taking it as a whole, and assuming that the

petitioners were seeking to secure some lawful, rather than some unlawful and unauthorized, action of the board of directors, we must hold that the purpose was to ask for the creation of a proposed district which should include, not only the territory of the town of Clemons, but also the territory of the independent district in which it was situated; for the petitioners ask the creation of a district which shall include the town of Clemons and the other described territory; "all being contiguous territory to the independent school district" of Clemons.

The board of directors to which the petitions already referred to were addressed caused notices to be posted in each of the territorial divisions proposed to be incorporated

*2 SAME: notice of election.* into the new district, addressed to the legal voters therein, advising them of a meeting of the electors residing in each of the named territorial divisions, at the school building in each said independent districts and subdistricts, for the formation of a new independent district, designated as including "all of the town of Clemons and all of the independent districts numbered seven and eight of Liberty township, . . . and all of the subdistricts numbered one and two of the school township of Minerva; . . . all being contiguous territory to the independent school district of and within the town of Clemons." The possible ambiguity in this notice is, as in the case of one of the petitions already referred to, that it does not specifically include in the designation of the proposed district the territory of the existing independent district of Clemons outside of the town limits. But if that territory was not included in the description used, then the whole proceeding was nugatory; and we are certainly justified in assuming that the board were intending to do a lawful thing, and not something that was entirely unauthorized and futile. It is plain that the whole difficulty with this notice, in respect to the description of the territory to be included in the proposed district, arose out

of the erroneous assumption on the part of the board that the independent district of Clemons included no other territory than that within the limits of the town of Clemons, and that the contiguous territory intended to be incorporated with the existing independent district was also contiguous to the town. Such erroneous assumption being patent on the face of the notice, we have no difficulty in discovering from the notice itself that the intention of the board was, and must have been understood by the voters to be, to call an election to vote upon the proposition of creating a new independent district, which should include all of the existing independent district of Clemons and certain described adjacent territory.

At the election held in pursuance of the notice above referred to, the ballot used was in this language: "Shall there be formed an independent school district to include all the town of Clemons and all of the independent districts numbered seven and eight of Liberty township, . . . and all of the subdistricts numbered one and two of the school township of Minerva, . . . all being contiguous territory to the independent school district of and within the town of Clemons, . . . and the said districts consolidated thereby?" Those voters who indicated an affirmative choice in the use of this ballot (by marking with a cross in the proper place) certainly intended to vote for a consolidated district embracing, not only the four divisions sufficiently described, but also the independent school district of Clemons, to which the other territory is described as contiguous; and we see no reason for not giving to the ballot an interpretation which would carry out the plain intent of the voters.

3 SAME: ballot.

In certain proceedings of the board, relating to the giving of notice and the holding of elections, there were possible ambiguities similar to those already referred to as existing in one of the petitions and in the notices and in the ballot, but for reasons already indicated we must hold

these resolutions to have been sufficient for the purpose for which they were plainly intended.

II. There is a controversy between counsel on the two sides of this case, apparently arising for the first time in this court, as to the sufficiency of the notice given, in that, as contended for appellants, it does not appear that five copies of the notice were posted in each of the territorial divisions which were to be incorporated into the proposed district. Assuming, without further discussion, that it was necessary, under other statutory provisions, to post five copies of the notice in each territorial division, it is sufficient to say that there is nothing in the record to indicate that this requirement was not complied with. The entire controversy arises out of an ambiguity in a stipulation found in the record, that the notice therein set out, addressed to the legal voters residing within subdistrict No. 1 of the school township of Minerva, "was posted in subdistrict No. 1 of the school district of Minerva, as to the election in question. It is further agreed that a like notice, as to the body and signatures thereto, was posted in each of the other subdistricts and independent districts, being changed, however, in the address at the top of the notice, so as to apply to each of the independent districts and subdistricts in which it was posted." If a proper posting of the notices referred to involved the posting of five copies of each, then we must assume that five copies were posted; for there is nothing in the stipulation to the contrary. Only one notice was required, even if the posting of five copies of such notice was necessary in each territorial division.

Some complaint is also made as to these notices, because they were signed by different persons as "secretary." All of them purported to be signed by the members of the board of the independent district of Clemons, and the certification by some one, as secretary, was plainly not essential, under the

<div style="margin-left:2em;font-size:smaller;">4 SAME: notice of election: posting: presumption.</div>

<div style="margin-left:2em;font-size:smaller;">5 SAME: notices of election: sufficiency.</div>

statute, to their validity. The record does not disclose what officer actually posted the notices, and it must be presumed that they were posted by the proper officer, whoever he may have been. The addition to the notice of the name of some one, purporting to act as secretary of the board, who was not in fact secretary, could not render the notice itself invalid.

III. Perhaps the most serious objection to the validity of the formation of the proposed district is that five different elections were held in the territorial divisions proposed to be consolidated, instead of one election in the town of Clemons, at which the electors from all the five territorial divisions might cast their ballots, as the statute already referred to plainly contemplates. But it is conceded that a majority of all the electors who would have been entitled to vote at the one voting place thus designated did cast ballots in favor of the proposed consolidation. There is no provision in the statute requiring an affirmative vote of a majority of the electors voting from any one of the territorial divisions to be incorporated into the proposed district. We are justified in assuming, therefore, that if a proper election had been held in the town of Clemons, there would have been a majority vote in favor of the creation of the proposed district. While it is true that the place of holding an election is an important matter, nevertheless there is ample authority for the conclusion that, in the absence of anything to indicate fraud, or that a different result was reached from that which would have been reached if the election had been held at the authorized place, the irregularity will not defeat the end sought to be attained by the holding of such an election. *Dishon v. Smith,* 10 Iowa, 212; *Bowers v. Smith,* 111 Mo. 45, (20 S. W. 101, 16 L. R. A. 754, 33 Am. St. Rep. 491); *Wildman v. Anderson,* 17 Kan. 344; *Stemper v. Higgins,* 38 Minn. 222, (37 N. W. 95); *Whitcomb v. Chase,* 83

*6 SAME: elections: polling places.*

Neb. 360, (119 N. W. 673); *Molyneaux v. Molyneaux,*
130 Iowa, 100.

It is argued that the statute contemplates a meeting
place and a meeting thereat of the electors, at which a
discussion may be had as to the merits of the proposition,
in which all may participate.  No doubt it is true that in
our school law, as originally framed, such a meeting was
contemplated, but in the statutory provisions for meetings
or elections to be held, at which the electors are to express
their choice by ballot, this theory is evidently abandoned.
As the qualified voters within the five territorial divisions
which were to be incorporated into the proposed district
had a reasonable opportunity, in pursuance of proper no-
tice, to cast their ballots for or against the proposed con-
solidation, and it affirmatively appears that a majority of
those entitled to vote did cast their ballots in favor of such
consolidation, we would not be justified in announcing a
conclusion which should nullify their expressed prefer-
ence.  As somewhat in point, see *Kinney v. Howard,* 133
Iowa, 94; *Calahan v. Handsaker,* 133 Iowa, 622.

Other irregularities are pointed out in argument, but
none of them, in our judgment, is sufficient in itself, nor
are they sufficient collectively, to warrant the setting aside
of the plain expression of the will of the electors with ref-
erence to a proposition which the statute directs shall be
submitted to their decision.—*Affirmed.*