J. F. GALLAGHER, Appellant, v. SCHOOL TOWNSHIP OF WILLOW, et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS: Meeting of Directors—Notice Required—Statute—Construction.** Oral notice of the time and place of a special meeting of the board of directors of a school corporation, under Sec. 2757, Code Sup., 1913, is sufficient. The fact that the statute requires the notice to be "delivered" to each member does not imply that the notice shall be a written notice.

**SCHOOLS AND SCHOOL DISTRICTS. Consolidation—Ordering Election—Sufficiency of Petition, Etc.—Findings by Board.** A

school board, before calling an election, under Sec. 2794-a, Code Sup., 1913, to vote on the question of consolidation, must determine that all matters and things, as conditions legally precedent to the ordering of such election, have been done; *but no formal record of such findings need be made.* The ordering of the election necessarily involves and embraces such findings.

SCHOOLS AND SCHOOL DISTRICTS:   Consolidation—Ordering Election—Time for Opening Polls. Useless acts are not required. A school board, in ordering an election to vote on the question of consolidation, need not specify in such order the hour when the polls will be open, as the statute specifies such time. (Secs. 2754, 2794-a, Code Sup., 1913.)

SCHOOLS AND SCHOOL DISTRICTS:   Board Meetings—Transacting Business After Formal Adjournment—Effect. An ''adjournment'' of a school board is not effected by the passing of a formal motion that the board adjourn. *There must be a separation and departure of the members.* So *held* where, after the passage of a formal motion to adjourn, a quorum determined on the place at which an election should be held.

ELECTIONS:   Defective Ballots—Effect. The omission from the official ballots of the detailed proposition to be voted on does not necessarily invalidate an election. The important question is: Does the voter know, or can he readily learn, the full scope of the proposition by reference to other official public notices, papers and proceedings? So *held* as to ballots from which the detailed proposal, to form a consolidated school district, was omitted, but fully set forth in the ''notice of election''.

*Appeal from Woodbury District Court.*—JOHN F. OLIVER, Judge.

WEDNESDAY, OCTOBER 20, 1915.

REHEARING DENIED FRIDAY, JANUARY 21, 1916.

ACTION to enjoin the defendants from acting as directors of the Consolidated Independent School District of Holly Springs and from abandoning the schools of the districts from which taken. The petition was dismissed, and plaintiff appeals.—*Affirmed.*

*Sargent, Strong & Struble,* for appellant.

*Henderson & Fribourg,* for appellees.

LADD, J.—The plaintiff is a taxpayer residing within the territorial limits of the school township of Willow, and in this action seeks to have defendants enjoined from consummating the organization of the Consolidated Independent School District of Holly Springs. It appears from the evidence that about 140 electors resided in the territory proposed for the new district, 59 of whom signed a petition such as contemplated by Section 2794-a, Code Sup.; and, as the greater portion of these resided in the school township of Willow, the petition was filed with the secretary of its board of directors, after having been approved by the county superintendent of schools. The board of directors thereof met on May 30, 1914, and designated a day for the election to determine whether the proposed district should be established. The election was held, at which 131 votes were cast, 72 for and 59 against the establishment of the new district. Subsequently, directors were elected, taxes levied, schoolhouses provided, and teachers employed. The plaintiff contends that the proceedings were invalid for various reasons, which will appear as we proceed.

I. The president of the board of directors of the school township of Willow called a special meeting of the board on May 30, 1914, and directed one of the members, J. S. Egger,

1. SCHOOLS AND SCHOOL DISTRICTS: meeting of directors: notice required: statute: construction.

to notify the several members thereof, for him, of the date and place of such meeting. All members except F. M. Sexton attended, and he had notice by telephone in ample time to enable him to attend, and he failed to be there, not owing to the kind of notice—i. e., oral, over the telephone—but for that he was working on the road and reached home, as he testified, too late to attend. The sufficiency of this notice is challenged, it being contended that Section 2757 of the Code Supplement, 1913, providing that the president may call a meeting of the board of directors, ''upon notice specifying the time and place, delivered to each member'', exacts written notice. The mere fact that it must

be delivered does not require this construction, for notice by word of mouth may be delivered quite as effectually as one in writing. What this exacts is that it actually reach the several members, so that each shall be informed of the time and place of meeting. *Barclay v. School Township of Wapsinonoc,* 157 Iowa 181. For this purpose, oral notice would be as effective as written, and there is nothing in the context indicating that one was intended rather than the other. If either, oral would be the more likely to be prescribed, because the more likely to be resorted to. It is said in 29 Cyc. 1117, that wherever a statute exacts notice, this should be in writing, but the authorities cited do not sustain the text. A contrary conclusion was reached in *Miner v. Clark,* 15 Wend. 424. In *Jenkins v. Wild,* 14 Wend. (N. Y.) 539, a party aggrieved was given 15 days after notice to appeal, and this was held to mean written notice. In *Pearson v. Lovejoy,* 53 Barbour (N. Y.) 407, the rule is said to be applicable to legal proceedings. See *In re Elizabeth Cooper,* 15 Johns. (N. Y.) 533; *McEwen v. Montgomery County Mut. Ins. Co.,* 5 Hill (N. Y.) 101; *St. Michael's Church v. County,* Brightly Reports (Pa.) 121.

In *Foley v. Mayor, etc., City of New York,* 37 N. Y. Sup. 465, the notice was required to be filed, and, of course, must have been in writing. The most that can be said of these decisions is that, unless the contrary appears, notice in judicial proceedings is to be construed to mean written notice; but it does not follow that the same rule prevails when the word is found in statutes governing the transaction of other public business. What is intended depends on the language employed, the context and the subject to which these apply.

In *White v. Fleming,* 114 Ind. 560, 573 (16 N. E. 487), the court said:

"Plaintiff's counsel insist that the board of commissioners were not in legal session, because an oral notice from the county auditor was not sufficient to call the board together in special session; but such notice, counsel say, must be in writing. The statute does not require, however, that

the notice of a special session of the county board must be in writing. Rev. St. 1881, Sec. 5738. 'Notice shall be given', is the language of the statute. Webster thus defines 'notice: Intelligence, by whatever means communicated; knowledge, given or received'. Worcester's definition is substantially the same as Webster's. In *Vinton v. Builders, etc., Association,* 109 Ind. 351 (9 N. E. 177), it is said: 'The rule is general that, unless otherwise provided by statute, a verbal notice will, in all cases, be as effective as a written notice, provided it conveys the necessary information between the proper parties at or within the prescribed time.' In the case in hand, we think that an oral notice to the members of the county board of the special session was sufficient, under Section 5738, *supra.*"

In *In re Farmer's Supply Co.* (Ohio) 170 Fed. 502, the Ohio statute requiring notice of the filing of a mechanic's lien to be given the owner was construed not to exact notice in writing. Here the purposes of the notice will be quite as well served if it be oral and the requirement that it be delivered better observed, and we discover no reason for holding that more was intended than that notice of some kind, written or oral, shall be given each director of the time and place of the meeting. A different conclusion was reached in *Burns v. Thompson,* (Ark.) 43 S. W. 499, but the reasoning on which it is based does not meet our approval. Certainly it derives no support from the textbook relied on, Dillon's Municipal Corporations.

II. The next contention is that Section 2794-a of the Code Supplement was not complied with, in that the board of directors did not ascertain: (1) Whether the petition was in due form; (2) whether it was signed by at least one third of the legal voters; (3) whether it had been approved by the county superintendent; (4) whether the remaining territory of any school corporation would be left contiguous or continuous; (5) whether,

2. SCHOOLS AND SCHOOL DISTRICTS: consolidation: ordering election: sufficiency of petition, etc.: findings by board.

as a result of the change, any corporation would be reduced below four government sections, and (6) whether a town or village would be included in the boundaries of the proposed district.   The requirements with respect to these matters are found in Section 2794-a of the Code Sup., 1913, which reads:

"When a petition describing the boundaries of contiguous territory containing not less than 16 sections within one or more counties is signed by one third of the electors residing on such territory, and approved by the county superintendent, if of one county, and the superintendent of each if of more than one county, and by the state superintendent of public instruction if the county superintendents do not agree, and filed with the board of the school corporation in which the portion of the proposed district having the largest number of voters is situated, requesting the establishment of a consolidated independent district, it shall be the duty of said board, within 10 days, to call an election in the proposed consolidated district, for which they shall give the same notices as are required in Section 2746 of the Code, and 2750 of the Supplement to the Code, 1907, at which election all voters residing in the proposed consolidated district shall be entitled to vote by ballot for or against such separate organization. When it is proposed to include in such district a city, or town or village, the voters residing upon the territory outside the incorporated limits of such city, town or village shall vote separately upon the proposition for the creating of such new district.   The judges of said election shall provide separate ballot boxes in which shall be deposited the votes cast by the voters from their respective territory, and if a majority of the votes cast by the electors residing either within or without the limits of such city, town or village, is against the proposition to form a consolidated independent corporation, then the proposed corporation shall not be formed.   If a majority of the votes so cast in each territory shall be in favor of such independent organization, the organization of the proposed consolidated independent school corporation shall be completed

by the election of a board of directors for said school corporation, as provided in Section 2795 of the Code, and when so organized shall not be reduced to less than 16 sections unless dissolved as provided by this act. No school corporation from which territory is taken to form such a consolidated independent corporation shall, after the change, contain less than four government sections, which territory shall be contiguous and so situated as to form a suitable corporation.''

It is to be observed that, though conditions precedent are prescribed in this section, no express requirement that the board of directors find them to have been complied with appears, but this is to be implied. Moreover, when the conditions have been complied with, the matter of ordering an election is not discretionary with the board. The statute is mandatory; and in such circumstances, no other course is open save that of calling the election. *McNees v. School Township of East River*, 133 Iowa, 120, and cases cited. Any of the conditions lacking, the election could not properly have been called. It follows then that, in adopting a motion to ''call an election on the 16th day of June to vote'' on the proposition for establishing the consolidated district, the board necessarily passed upon and found the prerequisites as exacted by the section quoted. This inference is aided by the fact that conditions were as required and the evidence that the motion was adopted with such knowledge. Everything essential to ordering the election had been done, and we are of opinion that the adoption of the motion ordering an election was a sufficient finding to that effect.

III. There is some controversy as to whether the 16th of June was fixed as the day of the election, it being contended by the appellant that the time designated by the board was the day previous. A careful examination of

3. SCHOOLS AND SCHOOL DISTRICTS: consolidation: order-ing election: time for open-ing polls.

the record has satisfied us that the district court rightly held that no change had been made and that the 16th was the day agreed upon. The hour was not designated in the

resolution. This was not necessary; for Section 2754 of the Code provides that ''The polls shall be open at 1 o'clock P. M.'' The place does not appear to have been designated in the motion. As the directors met at Holly Springs and that was the only village in the district, it likely would be selected as the place to vote. The notice of election specified it as the place, and this was prepared, as testified by the acting secretary, by him and the board. Probably the motion to adjourn had been passed, but the members had not separated; though before the motion was adopted, one or two may have departed. A quorum remained, and these had not separated when the notice was prepared. As said in *Beatle v. Roberts*, 156 Iowa 575, 578:

4. SCHOOLS AND SCHOOL DISTRICTS: board meetings: transacting business after formal adjournment: effect.

''An adjournment is an act, not a declaration. It is an act of separation and departure, and, until this takes place, the adjournment is not complete.''

Following that decision, we think the board had not so far disbanded as that it might not as a body approve of the form of the notice and thereby fix the place of the election.

IV. The ballot submitted to the voters was in form as follows:

''Notice of Election

for

Consolidated School

Held at

Holly Springs, Iowa,

Tuesday, June 16, 1914.

5. ELECTIONS: defective ballots: effect.

☐   For Consolidation.
☐   Against Consolidation.''

This is conceded to have been defective in form because the ballot omitted to specify in detail the proposition to be voted on. In connection with the notice of election to which the ballot itself directed attention, the voter was fully

advised of the proposition on which he was called upon to pass. We set out the notice:

"Notice of Election.

"To the qualified voters who reside in the following districts, to be held at HOLLY SPRINGS, IOWA, TUESDAY, JUNE 16, 1914.

"Polls to open at 1:30 o'clock P. M., and close at 8 o'clock P. M., by order of the school board, May 30, 1914, to call an election to vote on consolidating into an independent school district the following sections and parts of sections: Sections 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18; the north half of Sections 19, 20, 21, 22, 23, 24, all in Willow Township.

"Also the south half of Sections 31, 32, 33, 34, 35; south half of the northeast Section 32, and the south half of the northwest Section 33, in West Fork Township.

"Dated May 30, 1914.

"A. F. B. EGGER, Sec'y."

No other proposition was to be voted on at the election, and it is inconceivable that anyone was left in doubt as to the significance of the ballot. In *Calahan v. Greeley Handsaker*, 133 Iowa 622, 627, the rule was laid down that:

"If the voter knows or can readily ascertain the full scope and meaning of the proposition by reference to other papers and proceedings, it is sufficient. In other words, the language of the ballot is to be construed in the light of facts connected with the election."

The ruling in holding this ballot sufficient is so fully vindicated in the recent case of *Lehigh Sewer Pipe & Tile Co. v. Inc. Town of Lehigh*, 156 Iowa 386, that nothing further need be added. The petition was rightly dismissed and the decree of the district court is—*Affirmed.*

DEEMER, GAYNOR and SALINGER, JJ., concur.