N. S. HEATON et al., Appellants, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF RANDOLPH et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS: Consolidation of Districts— Notice of Election—Unnecessary Recitals.** A notice of an election to vote upon the proposition to organize a consolidated school district need *not* contain a recital of the jurisdictional matters found by the school board to exist as a condition precedent to the calling of the election, viz: (a) That a petition had been filed; (b) that it had been found to be sufficient in form and substance; and (c) that the board and county superintendent had duly approved said petition.

*Appeal from Fremont District Court.*—O. D. WHEELER, Judge.

MONDAY, JANUARY 15, 1917.

APPELLANT prayed a decree canceling certain acts done and proposed for the purpose of effecting a consolidation of school districts, and further prayed an injunction to restrain defendants from carrying or seeking to carry out and putting into execution an alleged consolidation, and from levying any taxes or imposing any burdens of tax upon the district, territory and property therein situated which comprises the territory within an alleged consolidated independent school district, and for general equitable relief. The appeal is from a denial of the injunction.—*Affirmed.*

*T. S. Stevens* and *Tinley, Mitchell & Thornell,* for appellants.

*Clark, Byers & Hutchinson* and *Vernon Johnson,* for appellees.

SALINGER, J.—I. The brief and argument for appellant is framed without the slightest regard for our rules; and, if we are to ascertain what is relied on for reversal, we must go to appellant's argument *in extenso*. Under this form of presentation, it is to some extent a matter of opinion what is complained of. The storm center seems to be the notice of election. Appellant concedes that the notice did advise the voters: (a) That a petition had been filed; (b) of the territory that would be included in the proposed consolidation; (c) that an election would be held to vote upon whether said territory should be formed into a consolidated independent school district; (d) of the time and place on and at which the election would be held. Though it is not included in the concession, the notice did further state that the petition filed was signed by the required number of electors to authorize the board to call a special election to vote upon the formation of the consolidated district.

<div style="margin-left:2em">SCHOOLS AND SCHOOL DISTRICTS: consolidation of districts: notice of election: unnecessary recitals.</div>

It is contended the notice of election was fatally defective, and said: (a) To warrant submission to the voters, the petition must have been signed by a certain number of qualified electors residing in the territory. While it is admitted or else shown that the petition was in fact so signed, this is not sufficient. It should appear further that the board determined that said petition was sufficient in form, and contained the requisite number of qualified signers. (b) It does not recite any, at least no affirmative, action by the board, looking to the holding of an election, nor that the board has authorized an election. (c) It does not recite that either the board or the county superintendent has approved the

petition; and no action by the board relating to the form or sufficiency of the petition filed. (d) Approval of the petition by the county superintendent and formal affirmative action by the board approving the petition and authorizing and ordering an election was necessary to a legal election. Upon this—that all such affirmative action and approval was necessary and jurisdictional, and the notice of election should have recited these jurisdictional matters.

## 1a.

The ultimate proposition is that, by reason of the premises, the election was illegal, and defendant should have been restrained from tearing down the schoolhouses in the country districts, and from proceeding further in the matter of consolidating the territory described into one school district. The authorities relied on to sustain these contentions are *Goerdt v. Trumm*, 118 Iowa 207, and *McNees v. School Township*, 133 Iowa 120. Neither of these cases touch the matters which appellant says the notice must contain. The major point in both is that, under a statute which requires that upon certain conditions the board "shall provide in the notice for the annual meeting for submitting any proposition authorized by law to the voters," it is essential that the notice shall do more than say that "the following propositions" would be submitted, without stating what those propositions are, beyond that "the meeting will be open for the transaction of such business as may legally come before it."

The notice in the instant case is surely not open to that objection. It states most specifically what would be acted on at the special election. It is not attacked for lacking that information, but for omissions that were not under consideration at all in those cases. The *McNees* case holds further that an election held upon notice issued by the clerk without an order of the board is invalid, although the individual members may have directed him to call the election. This,

too, does not touch whether it is a fatal omission not to make the recitals in the notice of election for which appellant contends.

We know of no law that requires, and can imagine no useful purpose to be served by requiring, the notice of an election to recite said matters. The people were called upon to decide whether they desired this consolidation. They were told what it was proposed to consolidate, and when and where they might express themselves upon it. In what way would the decision have been aided by advising them in the notice that a petition for consolidation, which in fact was duly signed, had been so signed, and that the board had so determined, or that the county superintendent had approved the petition? The very fact that the board had called an election and was giving notice of that fact, and by notice called upon the electors to act, did advise that the board had authorized the election. We said, in *Gallagher v. School Township,* 173 Iowa 610, that the fact that the board adopted a motion ordering the election, is of itself a sufficient finding that the board had passed upon and found all the conditions precedent required by the Code, since the duty to call the election upon the existence of such conditions is mandatory, and the call could not have been made in the absence of a finding that the statutory conditions were fulfilled. Again, it could not be of the slightest help to be advised of these things. If they are material, it made no difference what the notice said about them. If the proper authorization and approval existed, giving notice of their existence added nothing to their effectiveness. If the existence of such authorization and approval be vital, and they did not exist, it would effectuate nothing to say in the notice that they did exist. If vital, the nonexistence would render the election null and void. Whatever the notice said about these matters, or did not say, could not affect the election. The notice sufficiently invoked the action of the electors. This being so, grounds

for invalidating the election must be looked for elsewhere than in the notice.

In *Gallagher v. School Township*, supra, the ballot failed to state the object of the proposition in detail to be voted on. But we held: (1) That no other proposition was to be voted on at the election, and it is inconceivable that anyone was left in doubt as to the significance of the ballot; and (2) that this ballot, in connection with a notice of election, which contained none of the matters which appellant says are vital, and less than the notice here, was sufficient to sustain the election. And see *Lehigh S. P. & T. Co. v. Incorporated Town of Lehigh*, 156 Iowa 386.

In *Calahan v. Handsaker*, 133 Iowa 622, the rule was laid down that:

"If the voter knows or can readily ascertain the full scope and meaning of the proposition by reference to other papers and proceedings, it is sufficient. In other words, the language of the ballot is to be construed in the light of facts connected with the election."

It would seem that this is equally applicable to the notice of election, and at any rate is no holding that the matters urged need be stated in such notice. In *Independent School District v. Independent School District*, 153 Iowa 598, at 603, a notice substantially like the one here, except that it had an ambiguity not found here, is held sufficient.

In *Wise v. Palmer*, 165 Iowa 731, we hold that, although the notice of election and the propositions submitted referred only to an extension of the city limits, they were sufficient, because that was the primary question.

An interference with the decree below would be straining for technical defects which cannot by possibility have been prejudicial. This should not be done. *Kinney v. Howard*, 133 Iowa 94; and see *Dishon v. Smith*, 10 Iowa 212.

The decree is right and—*Affirmed*.

GAYNOR, C. J., LADD and EVANS, JJ., concur.