.STATE OF IOWA ex rel. M. P. ODEKIRK et al., Appellant, v. L. PETERSON et al., Appellees.

**SCHOOLS AND SCHOOL DISTRICTS:** Consolidated Districts—Dissolution—Sufficiency of Notice. Typographical errors in the notice of election to vote on the proposed dissolution of a district become quite immaterial when it affirmatively appears that no elector was misled by such errors.

Headnote 1. 35 Cyc. p. 858.

*Appeal from Fayette District Court.*—W. J. SPRINGER, Judge.

DECEMBER 11, 1924.

PROCEEDINGS in quo warranto. The trial court found that the complaint of relators was not well founded, and that the variance in the descriptions of boundaries was immaterial. The petition was dismissed, and judgment entered against plaintiffs for costs. Plaintiffs appeal.—*Affirmed.*

*Hasner & Cherny* and *Ainsworth & Antes,* for appellant.

*E. H. Estey,* for appellees.

PRESTON, J.—The Consolidated Independent School District of Randalia, Fayette County, and certain individuals, are relators. The Independent School District of Donnan is made a defendant. The other defendants are the directors and officers of the said last named district. They were elected and began their duties as such officers soon after June 1, 1922. On June 1, 1922, an election was held on the question as to the dissolution of the original Consolidated Independent School District

of Donnan and the organization of the territory thereof into two independent school districts. No question is made as to the legality of the organization of the defendant Independent School District of Donnan and the other district, provided that the dissolution of the consolidated district was legal. The action is brought, as relators state, to oust the defendants from the offices assumed by them as directors and officers of the Independent School District of Donnan, for the reason, as it is claimed, that the consolidated district had never been dissolved. Appellees contend that the real purpose of the action is to secure for relator School District of Randalia a large portion of the territory included in defendant district.

In March, 1922, there was filed in the office of the county superintendent a petition and affidavit for a dissolution, with the requisite number of signers residing in the consolidated district, and a plat correctly describing the boundaries of the district sought to be dissolved, and the boundaries of the two new independent school districts proposed to be formed, upon the dissolution. The petition was approved, and proper notice thereof published. The proceedings up to this point were regular and legal. The illegality alleged is largely in regard to the published notice of the election. The superintendent was in doubt as to which of two newspapers was the nearest, and, as a precautionary measure, published it in two papers in two different towns. The copy of the notice prepared by the superintendent and furnished to the newspapers correctly described all boundaries; but in setting up the notice, there were some typographical errors in the notices and ballot as printed. As illustrative of the character of these mistakes, one of the notices and the ballot describes Section 33 twice; whereas it should have been Section 35 in one place; and in the long description of the different sections and quarter sections, there is a mistake as to the quarter or half section, in one or two instances. Appellants contend that the county superintendent changed the boundary lines, and that this may not be done, under our holding in *Brooker v. Ludlow,* 189 Iowa 760, 770; *State v. Orr,* 192 Iowa 1021. It is clear from the record that the superintendent did not do this; and the evidence is undisputed that it was the mistake of the printer. The proposition to dissolve was carried by

a vote of 96 for, to 53 against. All the individual relators were present at the election, and all voted but two. These two refused to vote. None of them testify as witnesses. But two witnesses were used on the entire trial: one, the secretary of the Randalia District, relator, to the fact that relators were residents of the Consolidated Independent School District of Donnan, and citizens of Iowa; and the other, the county superintendent, who testified as to the petition for election to dissolve, notices, and other documents, and the proceedings had. There is no evidence of any kind or from any source that any of the voters in the district or those present and voting were misled in any manner by the variance in the published notice.

The statutes relied upon by both sides are cited from the Compiled Code, or the Compiled Code Supplement of 1921, which are contained in Chapter 175, Acts of the Thirty-ninth General Assembly. The statutes require notice, but do not prescribe what the contents of the notice shall be. The different provisions in regard to notice and publishing the order of the superintendent are found in Sections 5, 6, and 7, and those on dissolution, in Sections 30, 32, 33, and 38. Section 38 seems to apply in this case, and it provides that:

"If the petition for dissolution is approved, the county superintendent with whom such petition is filed shall call a special meeting in such school corporation, by giving notice by one publication in a newspaper published in the school corporation; or if none be published within the corporation, then in a paper published in the nearest town in any county in which any part of the corporation is located."

If the order referred to in some of the sections of the statute above cited describes the boundaries, or if the notice attempts to describe the boundaries, they should be correctly described, whether the statute requires it or not. The notice is for the information of the electors. Unless the boundaries are correctly described, the electors might be misled; and this might be so, whether the error was that of the printer or of the superintendent. It appears from evidence in this case that no elector was misled or prejudiced in any way. Furthermore, the records of the district correctly described its boundaries. This was open to the electors. The petition filed also correctly described

the boundaries.   The relators were residents within the district, and doubtless had some knowledge as to the boundaries; and they could, by inquiry, have gone to the records.   They were simply voting on the question as to the dissolution of their own district.   *Gallagher v. School Township,* 173 Iowa 610, 618; *Calahan v. Handsaker,* 133 Iowa 622, 627; *Lehigh Pipe & Tile Co. v. Town of Lehigh,* 156 Iowa 386, 392, 396.   We held, in *Smith v. Blairsburg Ind. Sch. Dist.,* 179 Iowa 500, 506, that it is enough if the petition as a whole indicated the boundaries of the proposed district in any definite manner.   In some cases, we have held that a petition and notice will be construed as embracing certain territory, though not specifically mentioned, when fairly susceptible of such construction, and where so treated by the school board, county superintendent, and voters. *Smith v. Blairsburg Ind. Sch. Dist.,* supra; *Independent Sch. Dist. v. Independent Sch. Dist.,* 153 Iowa 598, 602; *State v. Rowe,* 187 Iowa 1116.   In the last named case it was held that jurisdiction attaches for the establishment of . a consolidated district when the petition is filed and approved; that thereafter, irregularities in the exercise of such jurisdiction should be corrected by appeal, and not by quo warranto.

Without further discussion, we are of opinion that the trial court correctly decided the issue; and the judgment is— *Affirmed.*

ARTHUR, C. J., and EVANS and FAVILLE, JJ., concur.