STATE OF IOWA ex rel. MARY SCHILLING et al., appellants, v. COMMUNITY SCHOOL DISTRICT OF JEFFERSON, GREENE COUNTY, et al., appellees.

No. 50018.

(Reported in 106 N.W.2d 80)

492

November 15, 1960.

Rehearing Denied January 13, 1961.

Willard M. Freed, of Gowrie, Taylor & Taylor, Robert Taylor, of Guthrie Center, and Robert Fredricks, of Winterset, for appellants.

Charles E. Hird and Richardson & Richardson, R. K. Richardson, all of Jefferson, for appellees.

GARRETT, J.—This is a quo warranto action to test the legality of the organization of Jefferson Community School District in Greene County.

In April 1959 petitions proposing the formation of the Central Tri-County Community School District embracing territory in Guthrie, Greene and Dallas Counties were circulated. At the same time petitions for the organization of Jefferson Community School District located wholly within Greene County were circulated. The latter petitions were received by the Greene County superintendent at his home at approximately 11:15 p.m. on April 27, 1959, marked "filed" by him as of that time and taken to his office at 7:30 the next morning.

The Central Tri-County petitions were received by the Guthrie County superintendent at her home at approximately 3:20 a.m. on April 28, 1959, then marked "filed" and brought to her office at 6 a.m. on that day. No question is raised as to the sufficiency of the petitions, hereinafter referred to in the singular.

Notice of hearing on the Central Tri-County petition was given and hearing held thereon on May 11, 1959. The Greene County board of education appeared and participated in the meeting after announcing it waived no rights by so appearing, and, on motion made and seconded by members of the Greene County board the petition was dismissed.

The Greene County board approved the Jefferson district plan and the county superintendent published notice of the decision which contained a description of the proposed district but no reference to the manner of electing directors or the boundaries of the director districts established by the board.

The items omitted from the notice were set out specifically in the petition.

On June 3, 1959, the Independent Consolidated School District of Washington, located in Greene County, filed an appeal from the decision establishing the Jefferson district. Special election on the formation of the Jefferson district was held on June 1, 1959, carried by a sufficient majority and a month later directors of the new district were elected and qualified.

It was stipulated on the trial that the Franklin Township Consolidated School District area was included in the Jefferson and Tri-County petitions. The Independent Consolidated School District of Washington township adjoins the Jefferson district and does not claim to be an "affected" district within the terms of section 275.12. Its complaint appears to be that the Greene County board did not consider the interests of territory outside the Jefferson district when it approved the boundaries of that district. Failing to stop the formation of the Jefferson district, plaintiff, on relation of interested parties, brought this action. Upon dismissal of its petition plaintiff has appealed.

I. Appellant asserts the Jefferson district was illegally formed by reason of the failure of the county superintendent to include in the notice of the decision of the county board and in the notice of the special election and ballot a description of the boundaries of the director districts and the method of electing directors, all as required by sections 275.12, 275.15, 275.16 and 275.18, Code of Iowa, 1958.

It is sufficient to say that section 275.12 relates to the petition and method of election and makes no reference to the county superintendent. Section 275.16 applies only when the territory is in more than one county, which is not the case here, and section 275.18 requires published notice of special elections but does not say what the notices shall contain. Section 275.15 provides:

"Hearing—decision—publication of order. On the final day fixed for filing objections, interested parties may present evidence and arguments, and the county board of education shall review the matter on its merits and within five days after the conclusion of any hearing, shall rule on the objections and shall

enter an order fixing such boundaries for the proposed school corporation as will in its judgment be for the best interests of all parties concerned, having due regard for the welfare of adjoining districts or dismiss the petition. The county superintendent shall at once publish this order in the same newspaper in which the original notice was published and file any amendments to the county plan in the same manner as hereinabove provided for the original or tentative county plan. Within twenty days after the publication thereof the decision rendered by the county board of education may be appealed to a court of record in the county involved by any school district affected."

When the county board makes its decision and enters its order its work is done. Its decision is final and no appeal may be taken except by "affected" districts. The proceedings from there on are purely administrative and are under the control of the county superintendent. The law requires the county superintendent to publish the order of the county board fixing the boundaries of the proposed district. The petition set out the director districts and the manner of electing the directors. The resolution or order of the board as published by the superintendent referred to the five director districts approved by the board, each to be represented by one director to be elected by vote of the entire district, the method of electing directors as proposed in the petition and the approval of the proposed boundaries.

The board did not set in its order the boundaries of the director districts or the land included in each, nor was this necessary since it made no changes but merely approved the boundaries set out in the petition. The notice published described the boundaries of the proposed district and this met the requirements of the statute. The superintendent was not required to set forth in the notice anything other than the order of the county board. Section 275.15. There was no substantial departure from the statutory requirements or showing that any elector was misled in any way.

■ Where mistakes of administrative officials are relied upon, prejudice must be shown to defeat an election fairly held. Lehigh Sewer Pipe and Tile Co. v. Incorporated Town of Lehigh,

156 Iowa 386, 136 N.W. 934. In Wall v. County Board of Education, 249 Iowa 209, 222, 86 N.W.2d 231, 239, we said:

"In State ex rel. Ondler v. Rowe, 187 Iowa 1116, 1128, 175 N.W. 32, 36, we said: 'The rule that, where jurisdiction to call an election has once attached, subsequent mistakes and irregularities in the manner and method of the call made and election held do not oust the jurisdiction * * *.'

"We again considered the question in State ex rel. Odekirk v. Peterson, 199 Iowa 52, 54, 201 N.W. 71, 72, where the petition carried the correct description, but typographical errors appeared in the notices and ballot.

"We stated: 'It appears from evidence in this case that no elector was misled or prejudiced in any way. Furthermore, the records of the district correctly described its boundaries. This was open to the electors. The petition filed also correctly described the boundaries. The relators were residents within the district, and doubtless had some knowledge as to the boundaries; and they could, by inquiry, have gone to the records. They were simply voting on the question as to the dissolution of their own district. Gallagher v. School Township, 173 Iowa 610, 618, 154 N.W. 437; Calahan v. Handsaker, 133 Iowa 622, 627, 111 N.W. 22; Lehigh Pipe & Tile Co. v. Town of Lehigh, 156 Iowa 386, 392, 396, 136 N.W. 934. We held, in Smith v. Blairsburg Ind. Sch. Dist., 179 Iowa 500, 506, 159 N.W. 1027, that it is enough if the petition as a whole indicated the boundaries of the proposed district in any definite manner. In some cases, we have held that a petition and notice will be construed as embracing certain territory, though not specifically mentioned, when fairly susceptible of such construction, and where so treated by the school board, county superintendent, and voters.' Also see State ex rel. Warrington v. Community School Dist. of St. Ansgar, 247 Iowa 1167, 78 N.W.2d 86.

"In this case no elector was misled by the slight typographical error in the description. The petition was correct and the county board of education assumed jurisdiction. Every elector knew what territory was involved in the proposition on which he was voting."

See too State ex rel. Greene Community Sch. Dist. v. Rudd, etc. Sch. Dist., 250 Iowa 1269, 98 N.W.2d 820.

No objections to the boundaries of the director districts were filed. The claim that the district was illegally formed because the county superintendent failed to include in the notice of the board's decision, in the notice of election and in the ballot, the method of electing directors and a description of the boundaries of the director districts is not valid.

■ II. The Independent Consolidated School District of Washington Township, pursuant to section 275.15, appealed to the district court from the decision of the Greene County board establishing the Jefferson district. A special election was called by the Greene County superintendent prior to the expiration of the time for appeal under said section and was held while the appeal was pending. This, it is claimed, invalidated the subsequent proceedings. We do not agree. This question was determined in Archer v. Board of Education, 251 Iowa 1077, 104 N.W.2d 621.

■ Section 275.18 provides, in case of joint districts, that "no notice for an election shall be published until the time for appeal * * * has expired" and any appeal has been disposed of. There is no such provision applicable to districts wholly within one county. "Joint districts shall mean districts that lie in two or more adjacent counties." Section 275.8. Section 275.18 further provides that when boundaries of the territory and the method of electing school directors have been determined "the county superintendent * * * *shall call a special election* in such proposed school corporation *within thirty days* from the date of the final determination of such boundaries, by giving notice" etc. (Emphasis supplied.) From the above provisions it seems clear the legislature intended there should be no limitation upon the right of single district to proceed with reorganization without regard to pending appeals.

The case of State ex rel. Consol. Ind. Sch. Dist. v. Consolidated Ind. Sch. Dist., 190 Iowa 1154, 1160, 181 N.W. 495, 498, cited by appellant is not strictly in point. Somewhat different statutes were applicable and a different question was involved. We there said: "It follows that the election in question was illegal, because of the failure of the county superintendent to give such five days notice after the final decision

of the county board of election, and for this reason the judgment and decree of the court below are—Reversed."

The statute contains the mandatory provision that the county superintendent "shall call a special election * * * within thirty days from the * * * final determination of such boundaries, * * *." Joint districts only are excepted from this provision in case of appeal. "In the absence of express statutory authorization, it is apparent that the appellant is not entitled to a supersedeas or stay of proceedings as a matter of right." 3 Am. Jur., Appeal and Error, section 538; 42 Am. Jur., Public Administrative Law, section 238.1, page 678.

A right of appeal is purely a creature of statute and is not an inherent constitutional right, but is one which the legislature may grant or deny at pleasure. Everding v. Board of Education, 247 Iowa 743, 76 N.W.2d 205, and citations. 2 Am. Jur., Appeal and Error, section 6. By the same token the legislature has the right to refuse a stay or proceedings pending appeal.

The trial court found "the record shows that the appellant Independent Consolidated School District of Washington Township, Greene County, Iowa, did not lose any territory by formation of this district."

Section 275.15 provides a right of appeal by any affected school district from the action of the county board fixing boundaries of a proposed school corporation. Section 275.12 states: "School districts affected or portion thereof shall be defined to mean that area to be included in the plan of the proposed new school district." No territory was taken from Independent Consolidated School District of Washington Township and therefore it was not an affected district within the terms of the statutes and had no right of appeal. Relators can be in no better position. Board of Directors v. Board of Education, 251 Iowa 929, 103 N.W.2d 696.

III. Appellant contends the Greene County board of education waived jurisdiction by appearing as a part of the joint board and acting on the Tri-County petition and therefore had no right or authority to consider the Jefferson petition until after the expiration of the time for appeal from the deci-

sion of the joint board. For reasons hereinafter stated, we hold otherwise.

The Greene County board was within its rights in attending the Tri-County joint board meeting and moving to dismiss the petition for the organization of the Central Tri-County district, which motion prevailed. The Greene County board first acquired jurisdiction of the Jefferson district and could not be ousted of that jurisdiction unless the attempted organization was abandoned or not completed within the time required by law. The joint board would have acted in excess of its authority in considering the Central Tri-County petition when it contained territory already included in the proposed Jefferson district. The jurisdiction of the subject matter of that district organization was for the benefit of the Jefferson district and the Greene County board could not forfeit that jurisdiction by participating in the joint board meeting.

While it appears appellant has not assigned as error the holding of the trial court that the Jefferson district proceedings had priority by reason of the prior filing of the petition for its organization, we shall nevertheless dispose of that question. Under the facts in this case we hold each petition was filed when left with the proper county superintendent for filing in the usual manner. The Jefferson petition being filed first, jurisdiction was then obtained by the Greene County board and such jurisdiction was not lost pending completion of the organization. State ex rel. Harberts v. Klemme Community Sch. Dist., 247 Iowa 48, 72 N.W.2d 512; State ex rel. Cox v. Consolidated Ind. Sch. Dist., 246 Iowa 566, 68 N.W.2d 305; Sheridan Rural Ind. No. 5 Sch. Dist. v. Guernsey Consolidated Sch. Dist., 251 Iowa 460, 100 N.W.2d 418.

IV. It is claimed there was not substantial compliance with the statute in calling the election before the time for appeal had expired and in failing to include in the notice and ballot the method of electing the directors and the location of the boundaries of the director districts. Further discussion of these matters appears unnecessary. We hold there was substantial compliance. Fixing boundaries is a legislative function and the only basis for court interference is an abuse of discre-

500

tion or a violation of law. Grant v. Norris, 249 Iowa 236, 85 N.W.2d 261; State ex rel. Stinman v. Spellman, 191 Iowa 1181, 183 N. W. 577; State ex rel. Harberts v. Klemme Community Sch. Dist., supra. In re Proposed Community Sch. Dist., 250 Iowa 1240, 98 N.W.2d 737.

V. We cannot sustain the claim of relators that they were prejudiced in a legal sense by the acts of the Greene County board and county superintendent by reason of having since been unable to participate, though we are not told why, in other school reorganizations proposed or pending.

In Zilske v. Albers, 238 Iowa 1050, 1054, 1055, 29 N.W.2d 189, 191, we said: "Some decisions, including several of our own, hold that jurisdiction is acquired when a petition is filed in proper form. [Citing cases] * * * The case goes on to hold that jurisdiction once acquired is not lost by a subsequent omission of the superintendent to comply with a mandatory requirement of statute."

No prejudice was shown.—Affirmed.

All JUSTICES concur except OLIVER, J., not sitting.